IRA H. AMES *vs.* UNION RAILWAY COMPANY.

Suffolk.  March 5. — May 10, 1875.  MORTON & ENDICOTT, JJ., absent.

A declaration in tort alleged that the defendant was a common carrier of passengers between two places; that the plaintiff's apprentice was on the defendant's car on a day stated, for hire paid by the apprentice in the absence of the master; that by the defendant's negligence in carrying the apprentice, he was injured, and the plaintiff thereby lost his services. *Held*, on demurrer, that the declaration disclosed a good ground of action.

TORT.  The declaration was as follows : " And the plaintiff says that the defendants own or lease a horse railroad, and operate the same between Boston and Cambridge, in the State of Massachusetts, as common carriers of passengers.  And the plaintiff says that one Charles Andrew Owler, a minor of the age of fifteen years or thereabouts, on the twenty-seventh day of September, A. D. 1873, and long before and still is the plaintiff's apprentice and servant, and duly bound to the plaintiff to serve him for and during the term of three years from and after the first day of March, A. D. 1872, according to an indenture of apprenticeship, a copy whereof is annexed to this declaration.  And the plaintiff says that on or about said twenty-seventh day of September, A. D. 1873, said Owler, the plaintiff's apprentice and servant as aforesaid, was lawfully on said defendants' car as a passenger at Cambridge aforesaid, for hire paid by said apprentice in the absence of the master, and it became the duty of the defendants to use due and proper care and skill in and about the carrying and conveying said apprentice ; and the defendants omitted and neglected to use due and proper care and skill, and so negligently and unskilfully conducted themselves by their agents and servants, in and about the carrying and conveying said apprentice, and in their conducting, managing, driving and directing the said car and the horses thereto attached; that said car was driven against a team, and thereby said Owler, apprentice as aforesaid, received divers wounds, bruises and injuries, and was obliged to have and did have his leg amputated, whereby and by reason whereof the said Owler was rendered unable to do any business or service for the plaintiff, and said disability continued from said twenty-seventh day of September, A. D. 1873, till the second day of February, A. D. 1874.

"And the plaintiff says that on said second day of February, A. D. 1874, said Owler returned to the service and apprenticeship of the plaintiff, but the plaintiff says that by reason of said wounds, bruises and injuries, and the loss of his the said Owler's leg, his the said Owler's services were and are almost useless to him the plaintiff, and will so continue to the end of his apprenticeship, February 28th, A. D. 1875, though the plaintiff has been and is obliged to pay for the same according to said indenture, and the plaintiff has so done and is so doing.

"And the plaintiff says that at the time of said collision said Owler's services had become very valuable to him, as he had become expert under the plaintiff's care and instruction, and were worth to him a large sum over and above the amount he was obliged to pay said Owler by said indenture, and which benefit he would have been, and was, and is entitled to by said apprenticeship to the end thereof, but for the injuries and their consequences received on the body of said apprentice as aforesaid. And the plaintiff says, that by reason of the said injuries being inflicted on his apprentice and servant, he has been and will be put, during said apprenticeship, to great expense in filling his said apprentice's place during his absence on account of said injuries, and to help do said apprentice's work and duty since his return to service.

"And the plaintiff says that by reason of said injuries inflicted he has been unable to fulfil his work, which said apprentice could otherwise have done, and has been put to great damage in consequence thereof, and has lost his contracts and the benefits from them to be derived.

"And the plaintiff says that his said apprentice and servant was, at the time of the said injuries received, in the place by the authority of and for the interest of the plaintiff, in the exercise of due care, and that the defendants by themselves, their agents and servants, by their negligence and unskilfulness in driving and managing said car, occasioned the said accident and the injuries to the plaintiff through his servant and apprentice."

The defendant demurred to the declaration, and for causes of demurrer assigned : " That the declaration does not state a legal cause of action. And in particular said declaration is defective, for the reason that the defendant is not liable to the plaintiff for

the breach of a contract of carriage made between the alleged apprentice and the defendant, to which the plaintiff was not a party."

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed.

*W. Emery,* for the defendant. 1. The relation created between the apprentice and the defendant, by the former's riding on the car as a passenger for hire, paid by himself, was one of contract. *Sears* v. *Eastern Railroad,* 14 Allen, 433. The contract was one which a minor has a right to make for his own benefit, and was valid. *Bradford* v. *French,* 110 Mass. 365. A contract of a passenger carrier is unlike that of a common carrier of goods. The carrier of a passenger is not an insurer; he stipulates only to use care and skill to prevent an injury to the passenger. And he is liable only for a breach of that for which he stipulates. *Ingalls* v. *Bills,* 9 Met. 1. *Readhead* v. *Midland Railway,* L. R. 4 Q. B. 379. *Frost* v. *Grand Trunk Railroad,* 10 Allen, 387.

2. A stranger to a contract cannot maintain an action for the breach of a duty arising out of the same. *Winterbottom* v. *Wright,* 10 M. & W. 109. *Collis* v. *Selden,* L. R. 3 C. P. 495. The cause of action in this case is based on an injury received by the apprentice while a passenger on the defendant's car under a contract of carriage, and caused by the negligence of the defendant. Although the form of the action is properly brought in tort, it is in substance for a wrong the defendant was under a contract with the apprentice not to do. The wrong springs from the breach of the contract. Torts springing from contracts, consisting in omitting contract duty, can be maintained only by the persons contracting. *Alton* v. *Midland Railway,* 19 C. B. (N. S.) 213. *Fairmount Railway* v. *Stutler,* 54 Penn. St. 375.

*M. A. Blaisdell,* for the plaintiff.

WELLS, J. The relation of master and apprentice, set forth in this declaration, is such as will sustain an action in the name of the master for an injury to the apprentice causing disability, *per quod servitium amisit.* 1 Chit. Pl. (3 Am. ed.) 47. Reeve's Dom. Rel. 376. Bac. Ab. Master & Servant, O. *M'Carthy* v. *Guild,* 12 Met. 291. *Dennis* v. *Clark,* 2 Cush. 347. *Rice* v. *Nickerson,* 9 Allen, 478. *Kennedy* v. *Shea,* 110 Mass. 147.

*Martinez* v. *Gerber*, 3 Scott N. R. 386 ; *S. C.* 3 Man. & Gr. 88.
*Hodsoll* v. *Stallebrass*, 11 A. & E. 301. *Hall* v. *Hollander*, 4
B. & C. 660. *Woodward* v. *Washburn*, 3 Denio, 369.

The tort alleged does not consist in the breach of any contract.
Even if the contract arising from the purchase of a ticket were
held to have been made with the apprentice alone and in his own
right, it would not exclude liability in tort for injuries caused by
the negligence of the defendant ; and upon that liability an ac-
tion may be maintained by any one who has suffered damage by
means thereof. The degree of care required of the defendant, and
thus the question whether there was any liability in tort, might
be affected by the existence of the relation of contract between
the defendant and the person injured. But a tort, not consisting
merely in a breach of the contract, being proved, the right to
recover for the damages caused must be governed by the general
rule of law; and, under that rule, will be determined by the nat-
ure of the injury, and of the right or interest injuriously affected.
3 Bl. Com. 142. *Marshall* v. *York, Newcastle & Berwick Rail-
way*, 11 C. B. 655 ; 7 Eng. L. & Eq. 519. The judgment for
the defendant must therefore be reversed, and the

*Demurrer overruled.*