BRINK et al., Appellants, v. WABASH RAILROAD COMPANY.

Division Two, February 12, 1901.

1. **Preventing Performance of Contract:** NEGLIGENCE: CAUSE OF ACTION. Plaintiff's son was killed by the defendant railroad's servants negligently operating a train on which he was a passenger as a postal clerk, and plaintiffs allege that he was thereby prevented from performing a contract which existed between them and their said son, by the terms of which he contributed a certain amount of his earnings monthly to their support, and that by reason of the negligence of defendant in killing him and thereby preventing him from carrying out said contract they have been damaged in the sum of five thousand dollars. *Held,* that said petition did not state a cause of action, the defendant in no wise being a party to or interested in the contract between them and their son.

---

Brink v. Wabash Ry. Co.

---

2. **Negligently Killing Another:** REMOTE DAMAGES: MALICE. The accidental and negligent killing of a passenger by a railroad, with no willful intent to injure his parents, who had a contract with him for their support, does not give them a right to sue the railroad for the damages done them in preventing him from carrying out the contract; in such case their injuries are too remote to constitute a cause of action.

Appeal from Clay Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*L. M. Conkling* for appellants.

(1) The law will not suffer a wrong or injury to be done to the person of another, or to his legal rights or vested interests, without furnishing the means or remedy to redress the same. The plaintiffs had, under this contract with their son, a legal or vested interest in the life of their son for and during the balance of their natural lives, which, according to their life expectancy, would have reached or continued for a period of sixteen and three-fourth years after the death of their son. This interest in, and the right to the yearly payment of, the $300 were fixed by the contract, and any interruption or destruction of that right and interest by the defendant, directly or indirectly, without any contributory fault of the plaintiffs or their son, is a wrong upon the plaintiffs and an injury to their legal or vested rights in that contract. (2) If a person do an act or a wrong to another whereby he sustains an injury or suffers damages, in consequence of the wrongful act, he will have the legal right to an action for damages therefor. Baird v. Daly, 15 Am. Rep. 488. (3) Every invasion or injury to a right imports a damage, even if it does not result in

pecuniary loss, for wherever the plaintiff establishes some legal right in himself, by or through any act, agency or agreement independent of the defendant, and that right has been invaded, weakened or destroyed by or through the negligent or wrongful act of the defendant, without contributory liability of plaintiff, there is a wrong and damage in law resulting therefrom, and an action will lie for pecuniary compensation. Sec. 2, Const. (N. Y.) 204; 4 Selden (N. Y.) 375; 38 Barb. (N. Y.) 574; 1 Addison on Torts (Ed. 1876), pp. 9, 10, 16 and 17; Green v. Clark, 12 N. Y. 357. (4) It is a legal maxim that where there is a wrong there is a remedy. It is also a fundamental principle that the law will never suffer a wrong and a damage to be done without furnishing a remedy therefor. So, if one commits a wrong against another, he has a remedy in an action for damages to recover compensation for the wrong. 1 Addison on Torts (Ed. 1876), pp. 43, 57; Story's Balm (3 Ed. 1843), secs. 94, 150, 152, 280, 352, 387; Blair v. Railroad, 89 Mo. 334; Baird v. Daly, 15 Am. Rep. 488. (5) The master can recover damages for beating or wounding his servant or enticing him from his employment, or for forcibly abducting the servant, or for wrongfully debauching or impregnating with child, or for inmparting a disease. All the law requires is that an injury and damage by wrongful act shall be done, and when this fact occurs then the right to an action legally follows. Mohelsky v. Hartmeister, 68 Mo. App. 324; White v. Nellis, 35 N. Y. 405; 2 Addison on Torts (Ed. 1876), pp. 1088, 1089, 1090, 1091, 1105, 1106.

*Geo. S. Grover* for respondent.

(1) The common law of England was adopted in Missouri in 1816. Lindell v. McNair, 4 Mo. 380. (2) At common law no civil action could be maintained against a

person causing the death of a human being. Barker v. Railroad, 91 Mo. 91; Tiffany on Death by Wrongful Act, sec. 1, p. 2; Baker v. Bolton, 1 Campbell 493; Insurance Co. v. Brame, 95 U. S. 754; The Harrisburg, 119 U. S. 199. (3) A third party can not maintain an action at common law, or under our statute, for injuries resulting from a breach of a contract between two other contracting parties. Roddy v. Railroad, 104 Mo. 245; Heizer v. Mfg. Co., 110 Mo. 611.

BURGESS, J.—This is an action by plaintiffs, husband and wife, and parents of F. W. Brink, deceased, against defendant, to recover damages claimed to have been sustained by and through the wrongful acts of the defendant in destroying the deceased and thereby preventing him from carrying out the terms of a contract entered into between himself and plaintiffs for their support and maintenance.

The facts briefly stated in the petition are about as follows:

On the twenty-sixth day of June, 1897, and for some time prior thereto plaintiffs' said son was and had been a mail clerk or agent in the mail or postal service of the government of the United States, and while enroute from Kansas City, Missouri, east on defendant's road in the discharge of his duties, and as a passenger of defendant, at a point on its road in Clay county where it crosses a stream by means of a bridge over a creek, called and known as Rose creek, defendant's train of cars upon which plaintiff's said son was a passenger, by reason of the carelessness and negligence of defendant's servants and employees in charge of the train, left the track while crossing or about to cross said bridge, by reason of which it displaced some part of the structure of said bridge and it gave way, precipitating the entire train of cars into the creek, killing plaintiff's said son immediately. That at the time of

the death of plaintiff's said son and prior thereto, they had a contract with him by which he contributed a certain amount of his earnings monthly to their support, and by reason of the carelessness and negligence of defendant in causing his death the performance of said contract on the part of their son with them has been rendered impossible, to their damage in the sum of $5,000, for which they ask judgment.

Defendant demurred to the petition upon the ground that it fails to state a cause of action. The demurrer was sustained, and plaintiff declining to plead further, judgment was rendered in favor of defendant. The case is before us upon plaintiffs' appeal.

It is well understood that the common law of England has been in force in this State ever since its admission into the Union of States. It was adopted by the Territorial Assembly in 1816. [Lindell v. McNair, 4 Mo. 380.] So that, as we have no statute upon which an action of the character of the one at bar can be predicated, it must necessarily be based upon the common law, if any of its principles furnish a bottom for it to stand upon.

Plaintiffs in their brief call our attention to several authorities which they insist sustain the position that such an action may be maintained, but without reviewing them here, we think the great weight of authority, and that which is sustained by better reason, the other way.

Baker v. Bolton and others, 1 Campbell 493, was an action against defendants as proprietors of a stage coach, on the top of which plaintiff and his wife were riding when it overturned, whereby they were both hurt, the plaintiff bruised and the wife so seriously injured that she died about a month thereafter. The declaration, besides other special damage, stated that by means of the premises, the plaintiff had wholly lost, and been deprived of, the comfort, fellowship and assist-

ance of his said wife, and had from thence hitherto suffered and undergone great grief, vexation and anguish of mind. The plaintiff was much attached to his wife, and being a publican, she had been of great use to him in conducting his business.

Lord ELLENBOROUGH said: "The jury could only take into consideration the bruises which he himself sustained, and the loss of his wife's society, and the distress of mind he had suffered on her account, from the time of the accident till the moment of her dissolution. In a civil court, the death of a human being can not be complained of as an injury; and in this case the damages as to the plaintiff's wife must stop with the period of her existence."

In Barker v. The Hannibal & St. Joseph Ry. Co., 91 Mo. 86, it was said: "It may be observed that damages for a tort to the person, resulting in death, were not recoverable at common law, nor could husband or wife, parent or child, recover any pecuniary compensation therefor against the wrongdoer. Our statute on this subject both gives the right of action, and provides the remedy, for the death, where none existed at common law."

In Insurance Company v. Brame, 95 U. S. 754, the plaintiff sued Brame to recover the sum of $7,000, upon the ground that it had insured the life of one McLemore, a citizen of Louisiana, for that amount, in favor of third parties, and that while its policies were in force Brame shot and killed McLemore, thereby causing damages to plaintiff in the amount of the policies on the life of deceased, which amount plaintiff acknowledged to be due, and a part of which it had paid. Plaintiff contended that the killing of deceased was an injury to, or a violation of, a legal right or interest of the company and that as a consequence thereof it sustained a loss which was the proximate effect of the injury. The answer of defendant

to plaintiff's contention was that the loss was the remote and direct result merely of the act charged, that at the common law no civil action lies for an injury which results in the death of the party injured, and that the statutes of Louisiana upon that subject did not include the case. The court observed: "The authorities are so numerous and so uniform to the proposition, that by the common law no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question. It has been decided in many cases in the English courts and in many of the State courts, and no deliberate, well-considered decision to the contrary is to be found."

A similar rule is announced in 1 Hilliard on Torts (4 Ed.), p. 87, and in The Harrisburg case, 119 U. S. 199.

The defendant was not a party to the contract between plaintiff and their deceased son, nor was it in any way interested therein, and we know of no rule of law by which it can be held liable under such circumstances for its non-performance, although it may have been prevented by the death of the son, and his death may have been occasioned by the negligence of defendant. Now, where a person is entitled to the services of another, for instance a servant, and he is wrongfully enticed away, and his master or employer is by reason thereof deprived of his services, he will be entitled to recover damages against the wrongdoer, but the case at bar is not of that character, but is bottomed upon the claim as alleged, that defendant prevented the performance of a contract entered into by plaintiffs and their son by which he had undertaken to support and maintain them during their lives, by carelessly and negligently killing him, when at the same time they could not at common law have maintained an action against it, on account of his death. If plaintiffs are entitled to recover in this action, it logically follows, that they could in a common-law action for

the death of the son, and might in the same action recover damages for the prevention of the performance of the contract of the son, by killing him, and, this no one will contend they could do. The one is the sequence of the other. However, the case of Insurance Company v. Brame, *supra,* settles this question beyond controversy, and adversely to the contention of plaintiffs.

But there is another and still further reason why the plaintiff's petition does not state a cause of action, and that is, the damages claimed are too remote.

There is no allegation in the petition, nor is it pretended, that plaintiff's son was killed with a willful intent to injure the plaintiffs, and it is only under such circumstances that plaintiffs would be entitled to recover. In Gregory v. Brooks, 35 Conn. 437, it was held that when one is injured by the wrongful act of another, and others are indirectly and consequentially injured, but not by reason of any natural or legal relation, the injuries of the latter are too remote to constitute a cause of action, but the rule is different where the injury is done to one with a malicious intent to injure another through a contract relation.

In Taylor v. Neri, 1 Esp. N. P. 386, it was held that damages resulting to a plaintiff by reason of the defendant's having assaulted and beaten an actor, whereby the latter was disabled from fulfilling an engagement with the plaintiff, are too remote.

So in the case of the Connecticut Mutual Life Insurance Co. v. New York and New Haven Railroad Company, 25 Conn. 265, it was held that where one person has contract relations with another, an injury to the latter which affects disastrously those relations, does not constitute a legal injury to the former; that where an insurer has been compelled to pay the insurance on the life of a person whose death has been

caused by the unlawful act of a third person, and where there is no privity of contract between the insurer and the wrongdoer, and no direct obligation of the latter to the former growing out of the relation of the wrongdoer to the insured, by contract or otherwise, though the loss of the insurer is due to the acts of the wrongdoer, yet as those acts affect the insurer only through his artificial relation of contractor with the insured, the loss is a remote and indirect consequence of the act of the wrongdoer, and no action therefor can be sustained against him by the insurer.

For these considerations the judgment should be affirmed and it is so ordered.  *Sherwood, P. J.,* and *Gantt, J.,* concur.