## PURE OIL CO. et al. v. BOYLE et al.

### No. 1348—5479.

Commission of Appeals of Texas, Section A.

April 9, 1930.

Vinson, Elkins, Sweeton & Weems, of Houston, and Mr. and Mrs. C. S. Bradley, of Groesbeck, for plaintiffs in error.

Shartel & Gilliland, of Oklahoma City, Okl., for defendants in error.

HARVEY, P. J.

The defendants in error, Phillip Boyle et al., brought this suit for damages against the plaintiffs in error, Pure Oil Company and T. W. Jones. The trial court sustained a general exception to the plaintiffs' petition, and entered judgment dismissing the suit. The Court of Civil Appeals reversed that judgment, Justice Stanford dissenting. 16 S.W. (2d) 146.

The material fact averments of the petition are substantially as follows: The waters of the Navasota river were pure until about January 1, 1925. The city of Groesbeck obtained its water supply from the river, for distribution and sale to its inhabitants, through its waterworks system. Some years prior to the date mentioned, the city contracted with the defendants in error to sell the latter pure water for the purpose of being used by them in the manufacture of ice. In reliance on said contract and the ability of the city to furnish pure water, the defendants in error, at great expense to themselves, erected in the city an ice factory, and put same into operation, and continued thereafter to operate same until after the year 1925. The plaintiffs in error operated an oil field which was located up the river valley from the city. About January 1, 1925, they began to discharge into the river large quantities of salt water and waste oil from their oil field, thereby polluting the stream and rendering its waters unfit for the manufacture of ice. They continued to so pollute the waters of the stream throughout the year 1925. The defendants in error claim to have been injured, during said year, as a result of the wrongful acts of the plaintiffs in error in polluting the waters of the river; and, as compensation for such injury, the defendants in error seek to recover damages herein. The nature of their said injury is as follows: They were put to the expense of obtaining pure water elsewhere; they paid the city for impure water which they could not use; they were compelled to buy ice elsewhere, at a loss, for the purpose of supplying their customers; the use of the polluted water, in an attempt to manufacture ice therefrom, caused their machinery to rust and become greatly impaired; they were put to extra expense in employing extra labor and purchasing extra equipment in conducting their ice business; they suffered further losses of a nature similar to those above enumerated but which need not be specified.

While the wrongful acts of the plaintiffs in error, which resulted in the pollution of the waters in the Navasota river, produced a condition which rendered possible the injury to the defendants in error, it is not thought that the injury is a proximate result of said wrongful acts. In respect of the waters in the river, there existed, in this instance, no relation between the plaintiffs in error and the defendants in error. The interest of the latter in said waters emanated exclusively from their contract with the city, and was but an indirect interest. Harm from the wrongful acts of the plaintiffs in error came to the defendants in error indirectly through the contractual relation which existed between them and the city. The injury is too remote to constitute a cause of action. Dale v. Grant, 34 N. J. Law, 142; Connecticut Mut. Life Ins. Co. v. Ry. Co., 25 Conn. 265, 65 Am. Dec. 571; Gregory v. Brooks, 35 Conn. 437, 95 Am. Dec. 278; Brink v. Ry. Co., 160 Mo. 87, 60 S. W. 1058, 53 L. R. A. 811, 83 Am. St. Rep. 459; Anthony v. Slaid, 11 Metc. (Mass.) 290; 22 R. C. L. p. 116; 1 Sutherland, Damages (4th Ed.) § 29; 17 C. J. 752.

We recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court, be reversed, and that the judgment of the trial court be affirmed.

162

**CURETON, C. J.**

Judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.