CHELSEA MOVING AND TRUCKING CO., INC. *vs.* ROSS TOWBOAT COMPANY.

Suffolk. May 11, 1932. — September 14, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Actionable Tort. Proximate Cause. Damages, In tort.*

An employer could not maintain an action of tort against one whose negligence has caused injury to an employee of the plaintiff to whom the plaintiff was obligated by contract to pay, and had paid, his regular

salary during disability and impairment of earning capacity caused by the injury, and who in an action against the defendant had made no claim and recovered no compensation for impairment of earning capacity or loss of wages as an element of damage, where it did not appear that the defendant had any knowledge of the contract between the plaintiff and his employee, or that there was any negligent interference with such contract or any malice on the part of the defendant.

TORT. Writ in the Municipal Court of the City of Boston dated December 15, 1930.

The declaration is described in the opinion. The defendant demurred. The demurrer was heard by *Carr*, J., and was sustained. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*F. I. Rose,* (*M. R. Taymore* with him,) for the plaintiff.

*J. W. Lobdell,* (*W. Rosnosky* with him,) for the defendant.

RUGG, C.J. It is alleged in the declaration that, by reason of the negligence of the defendant, personal injury in the course of his work was caused to one Hoffman, an employee of the plaintiff, resulting in his disability and impairment of earning capacity, that by contract the plaintiff was obligated to pay and has in fact paid to Hoffman his regular salary during such disability and impairment, and that in a prior action at law brought by Hoffman, and decided in his favor, against this defendant to recover compensation for such injury no claim was made and no recovery had for impairment of earning capacity or loss of wages as an element of damage, and that loss has come to the plaintiff by the negligence of the defendant to the extent that the working ability of Hoffman has been decreased by such injuries. The defendant demurred. The question to be decided is whether this declaration sets out a cause of action.

The precise question here presented, although it has not been the subject of extended discussion, we think has been in effect decided by our cases. In *Anthony* v. *Slaid*, 11 Met. 290, it was held that one under contract to support at his own risk for a fixed price all the poor of a town in sickness and in health could not recover damages for injury to one of the paupers by the tortious act of the defendant whereby the expenses of such support to the plaintiff were

greatly increased. The action was founded on assault and battery committed by the wife of the defendant on the pauper. It was said by Chief Justice Shaw at page 291: "It is not by means of any natural or legal relation between the plaintiff and the party injured, that the plaintiff sustains any loss by the act of the defendant's wife, but by means of the special contract by which he had undertaken to support the town paupers. The damage is too remote and indirect." The distinction between such an action of tort founded on a relation springing from a contract and an action for tortious injury to his child brought by a parent whose loss is the effect of a relation which is both natural and legal and hence not too remote but direct was pointed out in *Dennis* v. *Clark*, 2 Cush. 347. The case of *Elmer* v. *Fessenden*, 154 Mass. 427, 428–429, was tort for slander. It was said by Holmes, J., speaking for the court that instructions were given allowing "the plaintiff to recover irrespective of the state of things between himself and a company in whose general employ he was, and to which he was accountable for the time spent as stated. That company had told the plaintiff that they should make no deduction from his salary because of the lost time. This ruling was correct. The plaintiff does not recover because he was compelled to break his contract with the company, but for his own time and trouble, irrespective of his contracts. His cause of action for that could not be affected if a stranger saw fit to pay him for the same time, either by way of gift or upon consideration." It would be difficult to reconcile these decisions and the reasons set forth in their support with the contention of the plaintiff. The damage sustained by the plaintiff is too remote from the wrong committed by the defendant and has no natural connection with it. None of our adjudications is out of harmony with what has thus been said and adjudicated. The decision in *Ames* v. *Union Railway*, 117 Mass. 541, was put upon the ground that the "relation of master and apprentice" was such as would sustain an action by the master for an injury to the apprentice whereby his services were lost to the master. Numerous

supporting authorities are there collected. The status of apprentice included frequently, if not always, the equivalent of membership in the family of the master. In aspects of nurture and training and education either in a trade or in the schools the relationship bears resemblance to that of parent and child. The right of action in the *Ames* case is strongly akin to that long recognized by the law by the parent for consequential damages from injury to his minor child, including loss of service during the nonage. *Tornroos* v. *R. H. White Co.* 220 Mass. 336, 341, 342, 343, and cases cited. *Balian* v. *Ogassin*, 277 Mass. 525. The relation of master and apprentice was so important as to be regulated by statutes at least from St. 1793, c. 59, through Rev. Sts. c. 80, Gen. Sts. c. 111, Pub. Sts. c. 149, R. L. c. 155, until their repeal by St. 1918, c. 257, § 402.

The rule has been laid down in numerous cases that the plaintiff in an action for personal injuries founded on the negligence of the defendant is entitled to have taken into account as an element of damages the impairment of his capacity for labor. Loss of time and diminution in earning power accrued and likely to occur may be considered in estimating damages. Loss of wages or of salary, if any, may be regarded in the assessment of damages but cannot be recovered as such. *Millmore* v. *Boston Elevated Railway*, 198 Mass. 370. *Gray* v. *Boston Elevated Railway*, 215 Mass. 143. *Mahoney* v. *Boston Elevated Railway*, 221 Mass. 116. *Koch* v. *Lynch*, 247 Mass. 459. *Bagley* v. *Kimball*, 268 Mass. 440. *Ackerly* v. *Boston Elevated Railway*, 275 Mass. 94.

The injury of which the plaintiff complains flows directly from the personal injury caused to Hoffman by the defendant. It does not arise from any relation between the plaintiff and the defendant. It is a part of the injury which Hoffman sustained and which, as the cases last cited show, he would ordinarily be entitled to have considered in an action brought by him against the defendant. But for the contract between the plaintiff and Hoffman, the latter in his action against the defendant plainly would have had the right to ask that his impairment of earning capacity be weighed as a factor of damage to him. It is the general rule that all damages result-

ing from a specified cause of action must be assessed in one proceeding. This rule applies to actions of tort. A single cause of action cannot be split and made the basis of several proceedings. *Cole* v. *Bay State Street Railway*, 223 Mass. 442. *Clare* v. *New York & New England Railroad*, 172 Mass. 211. *Canning* v. *Shippee*, 246 Mass. 338, and cases there collected. *Cassidy* v. *Constantine*, 269 Mass. 56, 57. The decision in *Donoghue* v. *Holyoke Street Railway*, 246 Mass. 485, 492–494, is not at variance. The instruction given to the jury in that case was held not to be erroneous. While some cases there cited hold that in an action for personal injuries wages received as matter of right by a plaintiff during the period of his disability may be shown to diminish damages resulting from loss of earning power, the decision does not rest upon that ground and is not to be regarded as an authority to that effect.

The act of the defendant was negligent toward Hoffman. It is not alleged that there was any knowledge on the part of the defendant of the contract between Hoffman and the plaintiff or that the negligence of the defendant had any relation to such knowledge. There is no allegation of malice on the part of the defendant toward the plaintiff or toward anybody. There was no negligent interference with a contract. There is no allegation of deliberate design by the defendant to accomplish a definite end regardless of consequences to others. If elements of that nature were present a quite different question would be presented. Cases like *Beekman* v. *Marsters*, 195 Mass. 205, *Burnham* v. *Dowd*, 217 Mass. 351, *Godin* v. *Niebuhr*, 236 Mass. 350, and *Bradstreet* v. *Wallace*, 254 Mass. 509, are not relevant to the present issue.

The weight of authority in other jurisdictions supports the conclusions and implications of our own decisions. In *Robins Dry Dock & Repair Co.* v. *Flint*, 275 U. S. 303, it was said at page 309, that "no authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong." This succinct

statement of principle is in accord with numerous authorities. *Cattle* v. *Stockton Waterworks Co.* L. R. 10 Q. B. 453. *Simpson & Co.* v. *Thomson*, 3 App. Cas. 279, 289, 290. *Société Anonyme de Remorquage à Hélice* v. *Bennetts*, [1911] 1 K. B. 243. *Elliott Steam Tug Co. Ltd.* v. *Shipping Controller*, [1922] 1 K. B. 127, 131, 139. *The Federal No. 2*, 21 Fed. Rep. (2d) 313. *Connecticut Mutual Life Ins. Co.* v. *New York & New Haven Railroad*, 25 Conn. 265, 274. *Brink* v. *Wabash Railroad*, 160 Mo. 87, 94, 95. *Byrd* v. *English*, 117 Ga. 191. Some cases of actions by a master to recover damages founded on contract with his servant injured by the tort of the defendant have a contrary tendency. Those cases chiefly arose many years ago when the law of master and servant was comparatively undeveloped. *Martinez* v. *Gerber*, 3 Man. & G. 88. *Woodward* v. *Washburn*, 3 Denio, 369. Whether *Bradford Corp.* v. *Webster*, [1920] 2 K. B. 135, rests upon the law of municipal corporations in relation to public officers is not entirely clear. If and so far as it concerns master and servant, it seems to be out of harmony with other English decisions already cited and contrary to the weight of authority. Compare *Fisher* v. *Oldham Corp.* [1930] 2 K. B. 364, 374, 375.

We are unable to perceive any sound distinction in principle between liability of a tortfeasor to another when the injured person was under contract with that other to perform personal service and when under contract to do or not to do some other act, all unknown to the doer of the wrong. In the latter instance plainly there is no liability because the damage is too remote and indirect. It is not the natural and probable consequence of the ordinary tort. We think by the same reasoning that in the former instance there cannot rightly be held to be liability.

*Order dismissing report affirmed.*