**STEVINSON, Plaintiff-Appellant, v. THE EAST OHIO GAS CO., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20443. Decided 1946.

Griff & Weiss, Cleveland, and Frank A. Green, for Plaintiff-Appellant.

Jones, Day, Cookley & Reavis, Cleveland, P. J. Mulligan, Cleveland, and Roger P. Brennan, Cleveland, for Defendant-Appellee.

## OPINION

By MORGAN, J.

The municipal court of Cleveland in this case sustained defendant's demurrer to plaintiff's amended petition and plaintiff not desiring to plead further, final judgment was entered for defendant. From this judgment the plaintiff appeals.

The amended petition alleges in substance that prior to Oct. 20, 1944, defendant stored liquified natural gas on its premises; that this gas was explosive in nature and constituted a dangerous nuisance; that on Oct. 20, 1944, by reason of the maintenance of said nuisance and by reason of the defendant's negligence, an immense fire developed in defendant's plant located east of E. 55th St. in Cleveland, Ohio, causing a general conflagration with the result that for the remainder of the day and for eight consecutive working days thereafter plaintiff was unable to pursue his daily work at his place of employment, The Bishop & Babcock Company, located in the vicinity, by reason of the great danger of still further explosions; that he was ready, willing and able to work; that The Bishop & Babcock Co. had work for him to do; that he was employed at wages of $13.50 per day and that by reason of his loss of eight days wages he has been damaged in the sum of $105.60 for which amount he prays judgment.

588

The trial court sustained the demurrer to the amended petition on the ground that it did not state facts sufficient to constitute a cause of action.

The plaintiff in his pleading makes no claim that he sustained any physical injury as a result of the explosion. He does not even allege that his employer, The Bishop & Babcock Co., sustained any injury. His sole claim is that he had entered into a contract of employment with The Bishop & Babcock Company which was in the nature of a property right and that he was damaged because the negligence of defendant made it impossible for him for eight days to perform his employment contract because of the danger of further explosions.

Counsel for plaintiff, in their brief, state that "we have been unable to find any case in a rather exhaustive research of the authorities exactly covering the situation or facts of the case at bar." To us, this appears to be an important admission. In the country's history there have been at various times explosions and large conflagrations which have destroyed millions of dollars of property and have thrown many thousands of persons out of work. Many of those explosions and conflagrations undoubtedly were caused by someone's negligence or at least such a claim could have been made and supported by substantial evidence. If the plaintiff's amended petition in this case states a cause of action, then each one of the thousands of workmen who lost wages by reason of a fire, negligently started, would have had a cause of action for loss of wages, against the negligent person or company responsible for the fire. The fact that plaintiff has failed to find a single case where such a claim for loss of wages has ever been allowed or asserted is a weighty argument against the existence of any such right.

In the case of **First National Bank of Greenfield v M. & C. Ry. Co., 20 Oh St 258,** the court said at page 280:

"In the very elaborate argument of counsel, many cases have been referred to which we do not think it necessary to review. It may be sufficient to say that they are all clearly and broadly distinguishable from the present case. No case has been found in which an action like the present has been held maintainable. Indeed counsel frankly concede its novelty. While this objection may not be absolutely conclusive against the plaintiff, yet the fact furnishes strong evidence of the very general understanding of the legal profession on the subject."

In the case of Dale et al. v Grant et al., 34 N. J. Law, 142, the court held, syllabus 1:

"1. A party who by contract is entitled to all the articles to be manufactured by an incorporated company—he, such party furnished the raw materials—cannot maintain an action against a wrongdoer who by trespass stopped the machinery of such company so that it is prevented from furnishing under said contract manufactured goods to as great an extent as it otherwise would have done."

The court said at page 150:

"The substantial facts which are comprehended in these cases and in the case now before the court are of common occurrence and the circumstance that there is no precedent for such an action is an almost conclusive argument against its maintainability."

It is not the law that all damages caused by someone's negligence are always recoverable by the injured person. In the case in 20 Oh St 259 (supra) the court said at page 277:

"Damage resulting from the negligence of one will not in all cases constitute a cause of action."

In the case of **Thomas v Trust Co., 81 Oh St 432,** the court quoted with approval the words of Beasley, C. J. in Kahl v Love, 37 N. J. Law, 58 as follows:

"There would be no bounds to actions and litigious intricacies if the ill effects of the negligence of men may be followed down the chain of results to the final effect."

In the case of Contracting Co. v Oakes, 253 N. W. 371, the supreme court of Minnesota held (syllabus):

"Increased workmen's compensation insurance premiums which plaintiff had to pay in consequence of an employee's death caused by a negligent act of defendant, a subcontractor, are too remote and indirect results of such wrongful act to be recoverable."

In its opinion, the court quoted with approval an excellent statement by Mr. Justice Mitchell in a previous Minnesota case (North v Johnson, 58 Minn. 242, 59 N. W. 1012) as follows:

"In strict logic and morally it may be said that he who commits a wrongful act should be answerable for all the losses which flow from that act, however remote. But, as has been said, it were infinite for the law to attempt to do this, and any such rule would set society on edge, and fill the courts with endless litigation. Hence the law has been compelled to adopt the practical rule of looking only to the proximate cause, and to the natural and proximate or immediate and direct result; and whatever differences there may be, in other respects, between the measure of damages in actions for breach of contract and in actions of tort, the rule is the same in both—that only such damages are recoverable as are the natural and proximate consquence of the breach or wrongful act, and not those that are remote."

In the case of Robbins Dry Dock & Repair Co. v Flint, 275 U. S. 303, the owners of a vessel docked her with defendant dock company. The vessel was damaged by defendant's negligence causing delay. The defendant settled with the owners of the vessel for their damages and received a release of all their claims. The owners had previously chartered the vessel to the plaintiffs and because of the delay caused by defendant's negligence, the plaintiffs also sustained a loss. The supreme court of the United States held that the defendant Dry Dock Company, although negligent was not liable to plaintiffs for the loss so sustained by them. Mr. Justice Holmes, speaking for the court, said:

"Their loss arose only through their contract with the owners—and while intentionally to bring about a breach of contract may give rise to a cause of action; Angle v C. St. P. M. & O. R. R. Co., 151 U. S. 1; no authority need be cited to show that as a general rule at least, a tort to the person or property of one man does not make the tort feasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong. See Savings Bank v Ward, 100 U. S. 195. The law does not spread its protection so far."

It is not claimed in the amended petition that the damage caused plaintiff was intentional and it is not alleged that defendant had any knowledge of plaintiff's employment contract.

The above case of Robbins Dry Dock & Repair Co. v Flint, (supra) is accordingly authority for the proposition that even if plaintiff's loss of wages had been due to damage negli-

gently caused to the property of plaintiff's employer, The Bishop & Babcock Co., still the plaintiff would have had no right of action against the defendant for any loss sustained by him by virtue of his contract relationship with The Bishop & Babcock Co. Even less has he such a right of action when his pleading contains no averment that his employer sustained any damages as a result of defendant's fire.

The principle so lucidly stated by Mr. Justice Holmes has been applied in many decided cases, to a few of which we refer.

In Insurance Co. v New York N. H. R. R. Co., 25 Conn. 265, it appeared that the insurance company had in force a policy of insurance for $2,000 upon the life of one Beach. It brought suit against the railroad company and alleged that Beach, while a passenger on defendant's road, was killed by the railroad's negligence, thus causing the insurance company a loss of $2,000. The supreme court of Connecticut held that the action could not be maintained.

In Insurance Company v Mosher, 39 Maine 253, an insurance company brought suit against one who had wilfully fired a store upon which it had a policy of insurance which it was thereby compelled to pay. The court held that under the facts the plaintiff could not recover.

In Chelsea Moving & Trucking Co., Inc. v Ross Rowboat Co., 280 Mass. 282, 182 N. E. 477, plaintiff's declaration alleged that personal injury in the course of his work was caused to one Hoffman, plaintiff's employee, by reason of the negligence of defendant; that by his contract, plaintiff was obligated to pay and in fact did pay to Hoffman his regular salary during such disability and impairment. Plaintiff alleged that he suffered loss by reason of defendant's negligence to the extent that the employee, Hoffman's working ability had been decreased by his injuries. The defendant demurred to the declaration and the demurrer was sustained. The court, quoting from and following the opinion in Robbins Dry Dock & Repair Co. v Flint (supra) held that the "employer could not recover since damage sought was too remote from the wrong committed by defendant and had no natural connection with it where there was no allegation that defendant knew of employer's contract with employee or that defendant's negligence had any relation to such knowledge or that defendant acted by deliberate design to accomplish a definite end regardless of consequences to others."

Also to the same effect are the cases of:

Federal No. 2, 21 Fed. (2d) 313; Thompson v R. R. Co., 165 N. C. 377; Brink v Wabash R. R. Co., 160 Missouri 87.

While the reason usually given for the refusal to permit recovery in this class of cases is that the damages are "indi-

rect" or are "too remote" it is our opinion that the principal reason that has motivated the courts in denying recovery in this class of cases is that to permit recovery of damages in such cases would open the door to a mass of litigation which might very well overwhelm the courts so that in the long run while injustice might result in special cases, the ends of justice are conserved by laying down and enforcing the general rule so well stated by Mr. Justice Holmes in Robbins Dry Dock & Repair Co. v Flint (supra).

If one who by his negligence is legally responsible for an explosion or a conflagration should be required to respond in damages not only to those who have sustained personal injuries or physical property damage but also to every one who has suffered an economic loss, by reason of the explosion or conflagration, we might well be appalled by the results that would follow. In the instant case the door would be opened to claims for damages based on delay by all those who may have had contracts with The Bishop & Babcock Company either to deliver materials to the Company or to receive from the Company the products manufactured by it. Cases might well occur where a manufacturer would be obliged to close down his factory because of the inability of his supplier due to a fire loss to make prompt deliveries; the power company with a contract to supply a factory with electricity would be deprived of the profit which it would have made if the operation of the factory had not been interrupted by reason of fire damage; a man who had a contract to paint a building may not be able to proceed with his work; a salesman who would have sold the products of the factory may be deprived of his commissions; the neighborhood restaurant which relies on the trade of the factory employees may suffer a substantial loss. The claims of workmen for loss of wages who were employed in such a factory and cannot continue to work there because of a fire represent only a small fraction of the claims which would arise if recovery is allowed in this class of cases.

It is our opinion that the courts generally have reached a wise result in limiting claims for damages in this class of cases to those who may have sustained personal injuries or physical property damage and in refusing to open their doors in such cases to claims of loss of wages and other economic loss based on contract.

The judgment is affirmed.

SKEEL, PJ, and HURD, J, concur.