GEORGE MOIGER *v.* CONNECTICUT ICE CREAM
COMPANY ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

552

Argued May 7—decided June 23, 1959

*Jacob Bresnerkoff,* for the appellant (plaintiff).

*Ralph C. Dixon,* with whom was *Raymond B. Green,* for the appellees (defendants).

MELLITZ, J. The plaintiff was injured when his automobile, stopped at a traffic light, was struck in the rear by the defendants' automobile. He had a verdict and has appealed from the judgment thereon, assigning error in the court's charge to the jury.

The facts which the plaintiff claimed to have proved and which are pertinent to consideration of the errors assigned are: At the time the plaintiff was injured he was in the wastepaper business, in the course of which he drove a large truck and handled heavy bales of wastepaper. His annual earnings were approximately $7000. He sustained

a permanent injury and as a result was unable to perform his work for a period of about nine months. He was confined to his home during that time, except for ten days while he was receiving treatment in a hospital. He was obliged to have the help of others in carrying on his business, and up to the time of trial he had paid, in the aggregate, $3897.67 for such assistance. It was reasonably probable that he would require an operation, at some future date, at an expense of $800 to $900, and that he would be incapacitated on that account for about three months. Both parties agreed that the damage to the plaintiff's automobile was $1050. The jury rendered a verdict for the plaintiff to recover $5434.20. The plaintiff moved to set the verdict aside as inadequate and on the ground of error in the charge. The court denied the motion and the plaintiff has appealed. The only errors pursued are those claimed in the charge. The defendants have offered to pay the plaintiff, in addition to the amount of the verdict, the sum of $1050 plus interest, representing the amount of the damage to the plaintiff's automobile.

In his complaint, the plaintiff alleged that by reason of his injuries he was obliged to employ extra help to carry on his business and that his earning capacity had been greatly impaired and would continue to be impaired during the rest of his life. He requested the court to charge the jury that he was entitled to a recovery for past and future loss of earning capacity and that if they found that he was obliged to employ outside help or additional help, that fact should be given consideration. The court charged the jury in this connection that it was for the jury to say how much of his earning capacity the plaintiff had lost as a result of his injury and how much he would lose in the future; that if he was

conducting a business by himself and the net receipts from it were due to his ability to conduct it successfully, that amount, if ascertainable with reasonable certainty, was to be considered; that the jury should consider the effect of the injury on the plaintiff's future earnings and, in that connection, compare his earnings before and after the injury; and that a person like the plaintiff who conducts his own business and is therefore self-employed may recover for any losses brought about by his injury and, if his profits have been lessened, for that loss. These portions of the charge were obviously based upon *Ball* v. *T. J. Pardy Construction Co.,* 108 Conn. 549, 551, 143 A. 855, and while they were technically correct statements of legal principles, they were not adapted to the evidence in the present case. In his claims of proof, the plaintiff made no claim of a loss of profits, and the court should have refrained from introducing this element into its charge. *Miles* v. *Sherman,* 116 Conn. 678, 682, 166 A. 250; *Fine* v. *Connecticut Co.,* 92 Conn. 626, 630, 103 A. 901. On the other hand, the plaintiff specifically alleged and offered evidence to prove that he was obliged to expend substantial sums, aggregating $3897.67, for additional help in operating his business. Nowhere in the charge were the jury instructed to consider this element in assessing damages. A self-employed person who is engaged in operating a business is entitled to recover any loss resulting from additional costs incurred by reason of his injuries; *Ball* v. *T. J. Pardy Construction Co.,* supra; and any loss, past or future, attributable within reasonable probability to the impairment in his earning capacity. The value of his earning capacity may be measured by the value of the services he has contributed to his business. *Lashin* v. *Corcoran,* 146 Conn. 512, 515,

152 A.2d 639. Here, no direct evidence was presented as to the value of the plaintiff's services in his business. Instead, the evidence related to the cost of hiring others to do work which, but for his injuries, he would have performed himself. He was entitled to be compensated for the reasonable cost of hiring a substitute. *Ashcraft* v. *Chapman*, 38 Conn. 230, 233; note, 37 A.L.R.2d 364, 366. The amounts he paid for the additional help necessitated by his incapacity were relevant considerations in the determination of his loss, and the jury should have been so instructed. The plaintiff expressly requested such an instruction and, in excepting to the charge at its conclusion, directed the court's attention to the omission. The failure to include this element in the charge was error which may not be viewed as otherwise than harmful.

The only other portion of the charge as to which error was assigned, and as to which either there was a written request to charge or proper exception was taken, related to the duty resting on the plaintiff to promote his recovery. The charge as given substantially complied with the plaintiff's request and was adequate for the guidance of the jury, although it omitted reference to the element of good faith which is involved in the rule.

There is error in part; the judgment is affirmed except as to the amount of damages awarded and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.