STATE OF MAINE                                              SUPERIOR COURT
                                                            CIVIL ACTION
YORK, ss.                                          DOCKET NO. CV-04-336


RYAN GAMMON,

                    Plaintiff
                                                        ORDER
        v.                                               AND
                                                       DECISION

PAUL DUMONT,

                    Defendant


The plaintiff was the owner and operator of a chip truck used to haul wood chips from the woods to a mill. On July 31, 2003 his truck was struck by a motorcycle that was negligently operated by the defendant. Mr. Gammon was not physically injured while Mr. Dumont was.

Mr. Gammon sought damages for the costs to repair the truck, the loss of income for the four days when the truck was unavailable while it was being repaired and for the emotional injury to him of having been in the accident and in observing the defendant's injuries. The repair costs have been paid by the defendant's insurance carrier. The defendant has moved for summary judgment regarding the two remaining claims.

While it is foreseeable that Mr. Gammon would suffer emotional injury from observing the injuries to Mr. Dumont, the Law Court has adopted a narrower test in *Curtis v. Porter*, 2001 ME 158, ¶¶17-22, 784 A.2d 18, 24-26. Mr. Gammon was not related in any way to Mr. Dumont and is not entitled to the recovery of damages for emotional harm as a bystander, as that term is narrowly used, or because of any special relationship with the defendant.

The plaintiff also claims the loss of $2,006.84 for the four days when the truck was being repaired and was not operable. The question is whether a state statute, 14 M.R.S.A. §1454, is the sole remedy for the plaintiff.

Pursuant to 14 M.R.S.A. §1454,

"In any action where recovery is sought for the destruction or damage of a motor vehicle, the owner of such motor vehicle shall be entitled to recover reasonable rental costs actually expended for a replacement motor vehicle during such time, not to exceed 45 days, as the damaged motor vehicle could not be operated or during such time, not to exceed 45 days, as is required to obtain a replacement motor vehicle for the destroyed motor vehicle."

This is an action where recovery was sought for the damage of a motor vehicle and in *Flynn Construction, Co., Inc. v. Poulin*, 570 A.2d 1200, 1202 (Me. 1990) the Law Court made clear that the statute applied to commercial vehicles. The Court also noted, that the statute "… controls a plaintiff's recovery for the cost of renting a replacement vehicle in an action for destruction or damage to a motor vehicle." It added, "When a statute fully regulates the procedures for relief, it must be assumed that the Legislature intended the statutory remedy to be exclusive." In *Flynn* the Law Court reversed a verdict of the jury based on erroneous instructions from the trial justice that rental costs were covered by common law and not subject to the then thirty-day limitation.

Our case is complicated by the specialized nature of Mr. Gammon's truck. He has submitted an affidavit where he stated that a replacement rental vehicle was not available.

The legislature starting in 1969 allowed for the recovery of reasonable rental costs for up to 30 days while the damaged vehicle is being fixed or the destroyed vehicle is being replaced. Presumably this would not always be a complete remedy as was evidenced in *Flynn* where a vehicle was rented, presumably for a reasonable time and rate, for 45 days. The Legislature has increased the time limit to 45 days but has not

2

allowed for "a reasonable time". Therefore there may be circumstances where 14 M.R.S.A. §1454 does not provide an adequate remedy.

The inability of Mr. Gammon to find a replacement vehicle for four days is not different from a situation where a person required a reasonable under the circumstances 49 days, four over the current limit of 45 days, to have a vehicle replaced or repaired. The statute provides the exclusive remedy, beyond the already paid repair costs. Mr. Gammon is not entitled to his lost net earnings for the four days.

The entry is:

Defendant's motion for summary judgment is granted. Judgment for the defendant without costs.

Dated:       July 13, 2005

Thomas Downing, Esq. - PL
Paul S. Douglass, Esq. DEF

Paul A. Fritzsche
Justice, Superior Court

3