# J. FREDERICK HEMPEL

## vs.

## JOSEPHINE G. HALL.

*Injury to Pedestrian—Negligence of Automobile Driver—Sounding of Horn at Crossing—Negative Evidence—Contributory Negligence.*

In an action for injury by defendant's automobile to plaintiff while the latter was undertaking to cross at a street crossing, evidence that defendant "swung round the corner" without blowing his horn or giving any other signal was sufficient evidence of negligence to go to the jury.  p. 176

Testimony by plaintiff that defendant did not sound his horn or give any signal before turning the corner, though negative in its nature, was sufficient to go to the jury, since not only was plaintiff within a few feet of where it was defendant's duty to blow his horn, but also her attention was presumably attracted to the matter of a signal, it being her duty to listen therefor before crossing a much used thoroughfare with which she was familiar and the danger of which she knew.  p. 177

That plaintiff failed to look up and down the street, along which she and defendant were both passing, before defendant turned the corner of a cross street and ran her down, while she was crossing the latter street, does not show contributory negligence on her part, as a matter of law, since even if she had so looked and discovered defendant's automobile, his horn, according to her testimony, not having been blown, she might have assumed that he would not turn the corner.  p. 177

In order that the court may say as a matter of law that plaintiff was guilty of contributory negligence, it must be satisfied that the case presents some such feature of recklessness as could leave no opportunity for difference of opinion as to its imprudence in the minds of ordinarily prudent men.  p. 178

Where plaintiff's testimony positively contradicted the testimony of a third person that she had admitted her negligence in conversation with him, the credibility of such person and also of plaintiff was for the jury.  p. 178

*Decided February 20th, 1920.*

Appeal from the Baltimore City Court (DUFFY, J.).

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*E. Allan Sauerwein, Jr.,* with whom were *Robert R. Carman, James T. Clark* and *Victor I. Cook* on the brief, for the appellant.

*Richard S. Culbreth,* with whom were *William Colton* and *Brodie & Sachs* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

On October 30th, 1918, at 10 o'clock P. M. appellee, while crossing 10th Street or Windsor Mill Road, in the City of Baltimore, was struck and injured by the automobile of appellant which he was then driving. The testimony shows that both of them before the accident happened were going on North Avenue west towards 10th Street. The only exception in this case is to the granting of plaintiff's prayer and to the rejection of defendant's first, second and fourth prayers. The plaintiff's prayer was the usual damage prayer and was properly granted unless the case should have been withdrawn from the jury. The defendant's fourth prayer was erroneous at least in failing to recognize the right of way which the automobile law of this State gives to pedestrians at crossings.

In the brief of appellant it is said, "there is only one error assigned in the case and that is the failure of the Court to direct a verdict for the defendant," and that was the only point argued before us. So the only question we have to decide is, should the Court below have granted either the first prayer of the defendant which asked the Court to instruct the jury that there was no evidence legally sufficient to entitle the plaintiff to recover; or the second, which sought to have the jury instructed "that it appears from the uncon-

tradicted evidence in this case that the plaintiff's injuries were caused directly by the failure of the plaintiff to exercise such care and caution for her own safety as is ordinarily exercised by a prudent person under similar circumstances, and the verdict of the jury shall therefore be for the defendant." These prayers both assume the truth of all of plaintiff's testimony so in this case it will be necessary to refer to very little of it.

She testified substantially as follows: That after stepping down from the sidewalk into the street in the act of crossing 10th Street, appellant's machine swung around from North Avenue into 10th Street and hit her and that is all that she remembers as to the accident; that before stepping off from the pavement to the street she looked both to her right and to her left, that is up and down 10th Street, and no automobile was then in sight; then immediately, almost, after this she stepped into the street and started to cross, and just as she started to cross, the automobile swung around the corner from North Avenue and struck her; that no signal of any kind was given that a machine was coming, "absolutely none"; that she is positive no horn was sounded; that her eyesight and hearing were very good. Appellant testified that he was going only eight miles an hour; that he blew his horn before he got to 10th Street and again before he made his turn into 10th Street.

On the issue of the negligence of the defendant, if he failed to blow his horn that was enough to send the case to the jury. The plaintiff testified positively that he did not blow it; and she was within a few feet of where he says he blew it and where it was his duty to blow it, and moreover at the time she was in a position where it was her duty to be listening before crossing a much used thoroughfare with which she was familiar, and the danger of which she knew.

In *United Rwys. & Elec. Co.* v. *Crain,* 123 Md. 332, which is a case of collision between a street car and an automobile at a crossing in Baltimore County, JUDGE PATTISON, speaking for the Court, says: "The record in this case dis-

closes no legally sufficient evidence of any negligent act of
the defendant having causal connection with the accident com-
plained of unless it be that it failed to give the required sig-
nal of its approach to the crossing." Then, after setting out
the testimony of the motorman and several passengers, wit-
nesses for defendant, who swore positively that the whistle
was blown, and of several witnesses for the plaintiff, one of
whom swore there was no whistle and others that they did
not hear any whistle, and citing a number of cases from other
states, and the case of *B. & O. R. R. Co.* v. *Roming,* 96 Md.
67; and *Northern C. Ry. Co.* v. *Gilmore,* 100 Md. 404, the
Judge goes on to say:

"It may be safely stated, from the above cited authorities
and others, that where the attention of those testifying to a
negative was not attracted to the occurrence which they say
they did not see or hear, and where their situation was not such
that they probably would have observed it, their testimony is
not inconsistent with that of credible witnesses, who were in
a situation favorable for observation and who testified affirma-
tively and positively to the occurrence. *Chicago, etc., R. R.
Co.* v. *Andrews* (C. C. A.), 130 Fed. Rep. 65. But if it be
shown that the witness could have observed the signal, had
it been given, and that his attention was attracted thereto be-
cause of a duty imposed upon him in connection therewith,
or because of the known position of danger in which he was
at the time placed, naturally suggesting that he, for his own
safety and protection, should look and listen for the warning
or signal of danger; * * * the fact that he did not hear the
signal is evidence sufficient to go to the jury tending to show
that such warning or signal was not given."

The Court held the case was properly submitted to the
jury. In such cases the jury is properly left to weigh the
conflicting testimony.

But appellant insists that appellee was guilty of contribu-
tory negligence in failing to look up and down North Avenue
as well as 10th Street. If she had done so and had seen the
automobile she could not have known it would turn around

the corner. Indeed she would have had the right to assume that it would not make the turn if it be true, as she swore, that no horn was blown.

Assuming, as we must, appellee's testimony to be true, it cannot be said that her conduct was such as to justify the Court in saying as a matter of law she was guilty of contributory negligence. To give such an instruction, the Court must be satisfied that "the case presents some such feature of recklessness as could leave no opportunity for difference of opinion as to its imprudence in the minds of ordinarily prudent men." *B. C. & A. Ry. Co.* v. *Moon,* 118 Md. 380; *The New Theatre Co.* v. *Hartlove,* 123 Md. 78; *C. & P. Tel. Co.* v. *Casey,* 124 Md. 527; *Taxicab Co.* v. *Emanuel,* 125 Md. 246; *Commissioners of Delmar* v. *Venable,* 125 Md. 471.

We are not unmindful of the testimony of George A. Hayward of the Police Department, who, testifying for appellant, said that shortly after the accident and after her fractured leg had been set, in a conversation with him, appellee told him she was hurrying to catch a street car and stepped down from the sidewalk in front of the automobile. Appellee swore she was told that a police officer was down to the hospital to see her, but she had no recollection of having talked with him or any one else, or of having the conversation he testified to.

The credibility of the policeman as well as of appellant was a question for the jury.

There was no error in the rejection of defendant's first and second prayers.

*Judgment affirmed, with costs to appellee.*