# BALTIMORE AND OHIO RAILROAD COMPANY

### vs.

# STATE OF MARYLAND, Use of Giles Griffin.

*Railroad Crossing—Child Crawling Under Train.*

In an action for the death of a boy four years old who, while in company with his older sister, attempted to cross defendant's track by crawling under a train, consisting of eighty cars, which blocked the public road crossing at that point, *held* that the question of the railroad company's negligence was for the jury, several witnesses having testified that the train had blocked the crossing for half an hour, and that when it started, killing the boy, they heard no bell, whistle, or other warning.

pp. 521-523

When a railroad company in operating its trains violates a statute providing safeguards and precautionary measures, it is bound to use the utmost vigilance.      p. 524

That a child, in undertaking to crawl under a train which had blocked a public crossing, did so, not at the crossing but a few feet therefrom, at the opening between cars nearest the crossing, did not make him a trespasser.      p. 525

*Decided June 23rd, 1922.*

Appeal from the Circuit Court for Carroll County (Thomas, C. J.).

Action by the State of Maryland, to the use of Giles Griffin, against the Baltimore and Ohio Railroad Company. From a judgment for plaintiff in the sum of $1,000, defendant appeals. Affirmed.

The cause was argued before Boyd, C. J., Briscoe, Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*J. A. C. Bond* and *Francis Neal Parke,* for the appellant.

*Guy W. Steele,* with whom was *Joseph L. Donovan* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from a judgment of the Circuit Court for Carroll County against the Baltimore and Ohio Railroad Company in favor of Giles Griffin, father of Thomas F. Griffin, infant, who was killed by the starting of a freight train while the boy was crawling under the bumper between two of the cars. The accident occurred on July 15th, 1920, at Sykesville where the tracks of the company are crossed by the public road leading from West Friendship in Howard County to Westminster in Carroll County.

The declaration alleges that the defendant was accustomed to, and did, for a long time before the accident complained of, unlawfully block and obstruct the public road crossing its tracks near its railroad station at Sykesville with its cars for a long period of time, and that the traveling public, using said highway, was compelled, and the defendant did suffer and permit it to cross its tracks by passing between said cars, and that it was the duty of the defendant to safeguard and protect said traveling public using said highway when obstructed by its cars; that on July 15th, 1920, defendant obstructed and blocked said highway by permitting its cars to stand thereon for a long period of time, to wit, thirty minutes, and the said Thomas F. Griffin and the traveling public, while using said highway, were suffered and permitted by the defendant to cross over its tracks between its cars, and the defendant negligently and carelessly omitted to guard him or it from the danger of said cars or trains being moved, and while the said Thomas F. Griffin was crossing said railroad, the defendant, without any warning, negligently and carelessly started up and moved its cars upon the said Griffin and ran over and killed him; that his death was caused by the negligence and want of care on the part of the defendant, without any negligence or want of care on the part of the said Thomas F. Griffin or Giles Griffin directly contributing thereto; that it is provided by the Public Local Laws of Maryland relating to Carroll County, that no person or corporation, its officers,

agents or employees engaged in the business of a common carrier shall suffer or permit his or its engines, tenders or cars or portions thereof to stand on or obstruct any street or highway in Carroll County where it crosses a railroad for a longer period than five minutes at any one time, or in shifting to obstruct public traffic over any street or highway for a longer period than five minutes at any one time; that the said Giles Griffin was greatly injured and damaged by the killing of said Thomas F. Griffin.

The defendant pleaded the general issue pleas.

The only exception in the record is to the refusal of the court to withdraw the case from the jury on a demurrer to the evidence.

It appears from the evidence that Giles Griffin, a colored man, lives with his family in Howard County, near Sykesville; that on the day of the accident the mother of the boy, Thomas, who was about four and a half years old, sent him and his sister, aged eight or nine years, to Sykesville. to buy several small articles. When they got to the crossing on their way home a long train with about eighty empty cars was across the public road. After waiting some time the little girl climbed over the bumper of the car nearest the crossing and called to her brother to follow. He could not climb over the bumper, so tried to crawl under, but before he got through, a helping or shifting engine bumped the rear car, setting the train in motion. The boy was run over and killed.

Several witnesses testified that the train had blocked the crossing for more than half an hour, and that when it started they heard no bell or whistle or other warning. Two of the witnesses so testifying were sitting on one of the tracks waiting for the train to move and were in a position where they would naturally have heard any warning; and others were near by, also waiting. At this point the trains going west, as this one was, had a rather steep up grade. They stopped there for water and were frequently stalled. A number of

witnesses testified that the crossing had for many years been blocked frequently, often several times a week, and from ten to thirty minutes at a time; and that on these occasions people, adults and children, were in the habit of climbing over or under the bumpers, and that this was known to the station agent and to the assistant train master. None of the employees of the company was at the crossing to give warning when the train started. There was no other crossing within a mile or more, available to pedestrians.

The long delay at the crossing on the occasion of the accident was due, according to defendant's witnesses, to the pulling out of a coupler which necessitated the taking out of the broken car. These witnesses testified that the blocking was only for the time necessary to get the train in condition to start. They also testified that the signal to start was blown before the train moved.

But in passing on a prayer to take a case from the jury the testimony of the plaintiff must be taken as true.

We decided in *Hempel* v. *Hall,* 136 Md. 174, that the case was properly submitted to the jury on the question of negligence on the testimony of a witness, who was in a position to hear a signal if it had been given, that she did not hear the signal, although there was positive testimony that the signal was given. It was likewise so held in *United Rys. & Elec. Co.* v. *Crain,* 123 Md. 332.

In our opinion, the cases of *Balto. & Ohio R. R. Co.* v. *State, use of Fryer,* 30 Md. 47; *McMahon* v. *Northern Central Ry. Co.,* 39 Md. 438; and *Sheridan* v. *Balto. & Ohio R. R. Co.,* 101 Md. 50, are conclusive on the essential questions involved in the present case, and require an affirmance of the judgment appealed from. The case was properly submitted to the jury. In view of the full discussion, in the cases last cited, of the law of negligence and contributory negligence as applied to facts strikingly similar to those here under consideration, a further discussion would be but repetition and would serve no useful purpose.

In the *McMahon* and the *Fryer cases, supra,* the parties injured were children, and in those cases the difference between the amount of care required of children and that required of adults in protecting themselves is fully recognized. The present case is stronger than the *Sheridan case, supra,* in that the injured party in the *Sheridan case* was an adult. And it is stronger than the *McMahon case* because in that case there was no evidence to show that the blocking of the street had any bearing upon the accident, whereas in the present case there is evidence from which the jury might properly have found that the blocking of the public crossing had some connection with the killing of the son of the equitable plaintiff.

It is not necessary for the decision of this appeal to pass on the legal effect of the violation of the local law forbidding the blocking of the public road for more than five minutes; but the case of *Balto. & Ohio R. R. Co.* v. *State, use of Miller,* 29 Md. 252, is authority for the proposition that where a railroad company in operating its trains violates a statute providing certain safeguards and precautionary measures, it is bound to use the *utmost vigilance.* This was merely an additional reason for submitting to the jury the question of the negligence of the appellant.

We have examined carefully the cases cited by appellant. They are easily distinguishable from the case at bar, where they do not affirmatively support our conclusion.

In *Lewis* v. *Balto. & Ohio R. R. Co.,* 38 Md. 588, the plaintiff was an adult. He undertook in the dark to climb over a train that was being made up, rather than walk a square to the next street.

In *Dielrich* v. *Balto. & Hall's Springs Ry. Co.,* 58 Md. 347, an intelligent boy fifteen years old attempted to get on the front platform of a car while in motion, when he could just as easily have gotten on at the rear.

In *Balto & Yorktown Turnpike Road* v. *Carson,* 72 Md. 377, the plaintiff, an adult, was riding on the front platform of a car, which was forbidden by printed notices.

In *Cumberland* v. *Lottig,* 95 Md. 42, a mother took a child, six years old, to a place which she knew to be dangerous, and had warned others against.

In *Bannon* v. *Balto. & Ohio R. R. Co.,* 24 Md. 108, and *Balto. & Ohio R. R. Co.* v. *Breinig,* 25 Md. 378, the question of contributory negligence was submitted to jury.

In *Balto. & Pot. R. R. Co.* v. *State, use of Stansbury,* 54 Md. 648, an intelligent boy twelve years old was injured while lying on a railroad track watching his father's cows.

In *City Passenger Ry. Co.* v. *Cooney,* 87 Md. 261, the plaintiff was an intelligent boy, and the Court commented on the fact that he was in the fourth grade at school.

In *Havermale* v. *Houck,* 122 Md. 82, plaintiff ran in front of an automobile. In this case the Court held there was no negligence shown on the part of defendant contributing to the **accident.**

On the facts of the present case we do not see much force in appellant's contention that the boy was a trespasser. This contention is based on the fact that he undertook to cross the tracks a few feet from the public crossing. This can hardly be considered a valid defense, when the public crossing was blocked by appellant's cars, and the boy tried to go over between the cars nearest to the road.

*Balto. & Ohio R. R. Co.* v. *Welch,* 114 Md. 536, cited by appellant, was the ordinary case of trespassing on a right of way where there was no public crossing. The Court expressly distinguished that case from the *McMahon case, supra,* where the facts were similar to those in the case at bar.

In *Chesapeake Beach Rwy. Co.* v. *Donahue,* 107 Md. 119, the injured party, an adult, was walking on the track.

In *Ward* v. *Balto. & Ohio R. R. Co.,* 125 Md. 283, the man was held to be a trespasser because he went without invitation into a freight car of the company on a siding.

Finding no error in the ruling excepted to, the judgment will be affirmed.

*Judgment affirmed, with costs to appellee.*