FRANK CASCONE, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF CARMELO CASCONE, PLAINTIFF, v. KAI HENDRICKSON, DEFENDANT.

Decided March 10, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Samuel L. Hirschberg.*

Contra, *Meany & Lifland* (*Thomas F. Meany,* of counsel).

PER CURIAM.

There was a verdict in the Hudson County Circuit in favor of the defendant and against the plaintiff. A rule to show cause was applied for and obtained by plaintiff's counsel, why the verdict should not be set aside and a new trial granted. The action was brought under the Death act.

The facts as developed by the testimony are as follows: The plaintiff's intestate, while crossing Hudson Boulevard, at the intersection of Seventeenth street, in the township of North Bergen, was struck by the automobile of the defendant, who was driving it in a southerly direction. The injuries caused to the plaintiff's decedent, by the collision, resulted in the latter's death.

The testimony adduced on behalf of the plaintiff tended to show that his decedent was crossing the street on the crosswalk, and while so doing, the defendant's automobile, which plaintiff's witnesses estimated was traveling at a high rate of speed, and without giving any warning of its approach ran into the decedent.

On the defendant's case two witnesses, who were riding in the automobile with him, testified the plaintiff's decedent suddenly darted from the sidewalk, where he was standing with a number of other people, and ran across the road, apparently for the purpose of taking a bus that stopped on the other side of the highway; that when he left the curb he was so close to the defendant's automobile that a collision was inevitable.

While it is true that the jury could have properly found a verdict for the plaintiff based upon the testimony of the witnesses, who testified in his behalf, if the jury believed their version how the accident happened but that factor, standing alone, gives no basis for setting aside the verdict where the testimony adduced on behalf of the plaintiff was controverted by the testimony of the defendant and his witnesses, as was in this case, for then the jury was called upon to determine which version of how the accident happened, as given by the witnesses, was true.

Moreover, even though the jury could have found on the testimony elicited from the defendant and his witnesses that the defendant was guilty of negligence, nevertheless, since there was also testimony in the case tending to show that plaintiff's decedent was guilty of negligence contributing to his injury and death, the jury could properly find a verdict for the defendant.

When the disposition of a case hinges upon the veracity of witnesses, it is obvious that a jury who sees the witnesses and has an opportunity to observe their demeanor on the witness stand, is in a more advantageous position to judge as to the credit to be given their testimony than can be gathered from a reading of the testimony in print.

The credibility of a witness is, pre-eminently, within the peculiar province of a jury to determine.

It seems to be necessary to repeatedly state that the verdict of a jury will not be set aside upon the ground that it is against the weight of the evidence, unless the verdict clearly evinces that it is the result of mistake, partiality, prejudice or passion. We do not find that to be the case here.

The rule to show cause is discharged, with costs.