MARTIN ROCHFORD, RESPONDENT, v. MATTHEW STANKEWICZ, APPELLANT.

Submitted June 1, 1931—Decided February 1, 1932

For the appellant, *Casimir Tokarski* (*Samuel E. Kresch*, of counsel).

For the respondent, *George R. Milstein*.

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the defendant below from a judgment entered upon the verdict of a jury in favor of the plaintiff.

The action was brought to recover for injuries sustained by the plaintiff, who was hit and hurt, whilst crossing Grand

street in Jersey City, by an automobile alleged to have been owned and driven by the defendant.

The sole contention on this appeal is that the judge erred in refusing to nonsuit and in refusing to direct a verdict for the defendant.

The defendant's first point is that such motions should have been granted, because, as he contends, there was no evidence "that the defendant's automobile was physically involved in the accident."

We think that there was such evidence.

The testimony of plaintiff's witnesses was to the effect that they saw the plaintiff being dragged by an automobile, proceeding upon Grand street, for a distance of fifty or sixty feet; that the car then stopped near the curb and plaintiff was extricated from beneath that car from which the defendant alighted; that the car from which the defendant alighted was owned and driven by him at the time; that there was no other automobile upon the street in the immediate vicinity at the time; that defendant was asked, "did you hit this man?" and he said that he "didn't know;" that thereupon the police ordered the plaintiff taken to the hospital and arrested the defendant.

At the trial the defendant contented himself with denying that he hit the plaintiff, merely adding, "I didn't see him; when I backed up my car I see him lying on the street."

The defendant argues that there was no *direct evidence* to show that his automobile was involved in the accident.

Assuming, without deciding, that there was no *direct* evidence, it is still quite apparent that there was ample evidence of the existence of such circumstances as would justify the inference that the defendant's automobile hit the plaintiff, and that the latter's injury was caused by the wrongful act of the defendant, and which excluded the idea that it was due to a cause with which the defendant was unconnected. The question of the defendant's negligence was therefore properly submitted to the jury. *Suburban Electric Co.* v. *Nugent,* 58 *N. J. L.* 658. No point is made that the defendant was not negligent except as it is involved in the claim

that defendant's car was not shown to have been the car that struck the plaintiff.

The only other ground urged in support of the motions for nonsuit and for a directed verdict is that the testimony shows conclusively that the plaintiff was guilty of contributory negligence.

We think that it does not, but that the question was for the jury.

The rule is where, as here, the evidence as to contributory negligence is susceptible of different inferences, the question is for the jury. *Garlanger* v. *Burlington County Transit Co.*, 86 *N. J. L.* 359. Applying that rule, we think the motions were properly denied

The testimony of the plaintiff in effect was this:

He was sixty years old; that on September 29th, 1928, at seven P. M., he desired to cross Grand street at Summit avenue; that, as he started to cross, he looked up and down Grand street and saw no automobile coming in either direction and heard no warning; that in the direct line of his crossing were two lines of street railway more or less widely separated; that about the time that he reached the first line he looked again and saw nothing and heard no warning; that he then proceeded, and, as he had reached the second line of street railway, he was hit by an automobile traveling on Grand street, and was rendered unconscious.

It is true that his testimony was rather indefinite and in parts conflicting, but we think that the jury was entitled to infer and find therefrom, and from other evidence, that the defendant was driving his automobile at an inordinate rate of speed, as charged by the plaintiff in his complaint; and this is further indicated by the fact that defendant's automobile, after hitting the plaintiff, dragged him between fifty and sixty feet before it was brought to a standstill.

Where, as here, the question of contributory negligence depends upon the conclusion to be reached from a variety of circumstances considered in their relation to and their reaction upon each other, the jury and not the court is normally the tribunal to draw such conclusion. *Mayes* v. *Splitdorf Electrical Co.*, 94 *N. J. L.* 460.

The defendant argues that the plaintiff either did not look, as he said he did, or that if he looked his observations were insufficient because he did not see defendant's automobile which must have been approaching.

No doubt the rule requiring one exercising his lawful right in a place where the exercise of lawful rights by others may put him in peril, to use such precaution and care for his safety as a reasonably prudent man would use under the circumstances, is the measure of the duty of one who crosses a public highway on foot. He must use his powers of observation to discover approaching vehicles, and his judgment how and when to cross without collision, but his observation need not extend beyond the distance within which vehicles moving at a lawful speed would endanger him. *Newark Passenger Railway Co.* v. *Block,* 55 *N. J. L.* 605.

In view of the testimony permitting of the legitimate inference that the defendant was traveling at an inordinate speed, we think the question of whether or not the plaintiff fulfilled his measure of duty in crossing was not for the court, but was for the jury, under all the evidence.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.