JOSEPH PUORRO, PLAINTIFF-RESPONDENT, v. FRANK SALERNO, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the plaintiff-respondent, *Harley, Cox & Walburg* (*John J. Francis,* of counsel).

For the defendant-appellant, *Louis J. Beers.*

The opinion of the court was delivered by

TRENCHARD, J. The sole contention of the defendant-appellant is that the plaintiff's judgment should be reversed because the trial judge denied a motion to nonsuit based upon the ground of contributory negligence.

We think the judge was right.

Of course on defendant's motion to nonsuit the judge was bound to take as true the plaintiff's evidence. *Andre* v. *Mertens,* 88 *N. J. L.* 626. That evidence tended to show the following matters of fact:

On Sunday, December 15th, 1929, at ten-fifteen A. M., the plaintiff, Joseph Puorro, about fifty-seven years old, was walking in a westerly direction on Fifteenth avenue, Newark, on the northerly side of the street. When he reached the northeast corner of the intersection of Fifteenth avenue and Camden street he made observations to his right and left for traffic on Camden street and saw no cars, although he had an unobstructed view for a block in both directions. He then started to walk directly across Camden street on the

crosswalk, and as he was about seven feet from the curb at the northwest or far corner, he was struck and knocked down by the defendant's automobile, which, traveling fast on Fifteenth avenue, had, without warning or signal, rounded the corner into Camden street, and which, after hitting the plaintiff, continued on about one hundred and twenty-five feet.

It is thus apparent that the plaintiff was not guilty of contributory negligence as a matter of law.

The rule requiring one exercising his lawful rights in a place where the exercise of lawful rights by others may put him in peril, to use such precaution and care for his safety as a reasonably prudent man would use under the circumstances, is the measure of duty for one who crosses a public street on foot. He must use his powers of observation, at a time when his observation is not temporarily obstructed, to discover approaching vehicles, and his judgment how and when to cross without a collision. *Newark Passenger Railway Co.* v. *Block,* 55 *N. J. L.* 605; *Rochford* v. *Stankewicz,* 158 *Atl. Rep.* 386. But this rule does not bar his recovery merely because he fails to see the automobile which strikes him, since it is recognized that reasonably effective use of the powers of observation may be made, and yet the presence of an automobile not disclosed. Thus, in both of the cases above cited, it was pointed out that his observation need not extend beyond the distance within which vehicles, moving at a lawful speed, would endanger him.

The defendant argues that the plaintiff should have seen the automobile which struck him. But that, at most, was a jury question. We have pointed out that according to the plaintiff's testimony, before he started to cross he looked to the right and left on Camden street which he was crossing, and there was no automobile on that street within a block either way, and that the defendant's car which struck the plaintiff came out of an intersecting street, without warning or signal, and struck him as he had almost completed his crossing.

In such circumstances, the plaintiff cannot be said to be guilty of contributory negligence as a matter of law.

In *Courviosier* v. *Burgner* (1923), 61 *Cal. App.* 470; 215 *Pac. Rep.* 93, the plaintiff was injured while crossing a street in the place allotted to and ordinarily used by pedestrians. Before leaving the sidewalk, she carefully looked up and down the street and saw no vehicle approaching. The court said that it could not be claimed with any reason that she should have looked up and down an intersecting street in anticipation that an automobile might turn from that street into the one she was crossing.

In *Hempel* v. *Hall* (1920), 136 *Md.* 174; 9 *A. L. R.* 1245; 110 *Atl. Rep.* 210, the plaintiff traveling on North avenue was struck by the defendant's automobile while crossing Tenth street. The automobile was turned from North avenue on to Tenth street without blowing a horn. The court held that the plaintiff was not guilty of contributory negligence as a matter of law, though she did not look up and down North avenue before starting to cross Tenth street. It was further said by the court that if the plaintiff had looked up and down North avenue and had seen the automobile, she could not have known it would turn around the corner.

And so, in the instant case, it is quite clear that the defendant cannot legally find fault with the trial judge in submitting the question of the alleged contributory negligence of the plaintiff to the jury.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.