BERTHA ACKLEY, A MINOR, BY HER NEXT FRIEND BERTHA ACKLEY, AND BERTHA ACKLEY, INDIVIDUALLY, PLAINTIFFS, v. FRANK HANNAWACKER, DEFENDANT.

Submitted October 14, 1933—Decided February 15, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *William A. Moore.*

For the respondents, *Charles Quinn.*

PER CURIAM.

Bertha Ackley, mother of Bertha Ackley, a minor, instituted this suit on her own behalf and as next friend of her daughter, for damages sustained by herself and her daughter as a result of her daughter's being struck by an automobile owned and driven by the defendant, Frank Hannawacker.

The jury rendered a verdict for the plaintiffs and the defendant appeals, and argues that the judgment should be reversed because of (1) the refusal of the trial judge to nonsuit, and (2) the refusal to direct a verdict for the defendant.

Both questions may be considered together since they raise the same questions, namely: (1) Did the evidence justify the inference of negligence upon the part of the defendant, and (2) did the evidence show contributory negligence upon the part of the minor Bertha as a matter of law.

The evidence reasonably tended to show that the plaintiff Bertha Ackley, a minor sixteen years of age, was crossing Lawrence street at the crosswalk, where it intersects Olden avenue in the city of Trenton, on October 20th, 1931, at about seven-fifteen P. M., walking in a southerly direction. She was within one or two steps of the opposite curb when the car driven by the defendant, going in a northerly direction on Olden avenue, made a sharp right-hand turn into Lawrence street, striking and throwing her "into the air," and injuring her. Before starting to cross she looked both to her right and to her left but did not see any car. The defendant's car approached on Olden avenue at thirty miles an hour and was traveling twenty miles an hour as he rounded

the corner and hit the girl, without giving any warning of his approach, nor of his intention to make the sudden turn, although his headlights disclosed to him her presence on the crosswalk. There was nothing to obstruct his vision or confuse or embarrass him. In short, nothing appeared to account for the accident except the speed at which he was driving, and the sudden turn that he made without warning.

Such were the matters of fact which the jury, if they saw fit, might and no doubt did find.

We think the question of defendant's negligence was for the jury, as was likewise the question of the alleged contributory negligence of the girl. *Puorro* v. *Salerno,* 109 *N. J. L.* 381; 162 *Atl. Rep.* 527.

The judgment will be affirmed, with costs.