ELIZABETH BOSZE, PLAINTIFF–APPELLANT, v. METRO-POLITAN LIFE INSURANCE COMPANY, A NEW YORK CORPORATION, DEFENDANT–RESPONDENT.

Argued September 15, 1948—Decided October 4, 1948.

6

*Mr. David Cohn* argued the cause for the plaintiff-appellant.
*Mr. A. Leo Bohl* argued the cause for the defendant-respondent.

The opinion of the court was delivered by

BURLING, J. This is a civil action which was commenced in the former Supreme Court as an action at law. It sounded in tort and was based upon the alleged actionable negligence of the defendant-respondent. The appeal is from a judgment of nonsuit entered in favor of the defendant and against the plaintiff.

■ The cause of action arose in the State of New York. The substantive law of that State is not pleaded in the instant case, although testimony that it is the same as the New Jersey law was adduced at the trial. The Uniform Judicial Notice of Foreign Laws Act *(R. S. 2:98–28 et seq.)* permits the Court to take judicial notice of common or statute law of a sister state when such statute is pleaded. It further provides that in the absence of such pleading it shall be presumed that the common law of such state is the same as the common law of this state and that presumption properly applies to the instant case.

■ It is well established that on a motion for a nonsuit the defendant admits the truth of the plaintiff's evidence and of every favorable inference fairly to be deduced therefrom, but denies their sufficiency in law.

The defendant was the owner of a factory building in New York City. The plaintiff was an employee of a tenant in this building. On March 24, 1944, plaintiff, as an implied invitee of the defendant, on her way to work, entered an elevator which was under the control of the defendant in the said building and while so doing fell, sustaining the injuries complained of.

■ The defendant owed the plaintiff the duty of exercising ordinary care to make the premises reasonably safe.

The gravamen of the complaint is the alleged actionable negligence of the defendant with regard to the elevator in question. The complaint alleges both careless construction and maintenance.

The plaintiff testified at the trial that she slipped on the metal sill of the cab of the elevator and she further testified that the floor of the elevator was waxed and slippery.

The plaintiff assigned seven grounds of appeal under the former practice, one (No. 4) was abandoned. The last related to the granting of the nonsuit and will be dealt with immediately. We are of the opinion that the action of the trial judge, Circuit Court Judge Robert H. Davidson, in this respect was correct. The proof is lacking of any defective construction of the elevator or of the sill or floor thereof or of improper maintenance of the sill. The plaintiff is not entitled to recover upon the theory that the defendant's negligence consisted of improper maintenance of the floor. It has been repeatedly held that in order that negligence may be inferred from the fact of oiling or waxing a floor, it must appear that either in the nature or quantity of the substance used, or in the manner or time of its application, there was a departure from the normal or generally accepted standards so as to create a hazard of a tortious character for the users of the premises. *Coyne v. Mutual Grocery Co., Inc.,* 116 *N. J. L.* 36 *(Sup. Ct.* 1935*); Abt v. Leeds & Lippincott Co.,* 109 *N. J. L.* 311 *(E. & A.* 1932*); Shipp v. Thirty Second St. Corp.,* 130 *N. J. L.* 518 *(E. & A.* 1943*).* The mere fact that a person falls upon a floor does not raise any inference that the fall was caused by the proprietor's negligence. *Abt v. Leeds & Lippincott Co., supra; Garland v. Furst Stores,* 93 *N. J. L.* 127 *(E. & A.* 1919*).* The proofs did not show a deviation from the normal standard of waxing a floor so as to create a hazard for the users of the elevators.

Further, the inconsistency of the plaintiff is to be observed in that her testimony was that she fell upon the sill, whereas her theory of the right to recover was based upon the condition of the floor of the cab.

The remaining grounds of appeal relate to rulings of the trial judge excluding portions of the testimony of Abraham Ivicola, a witness on behalf of the plaintiff. From his testimony, it appeared that Ivicola made an inspection of the premises fourteen months after the event. The answers to questions forming the basis of the first, second, third and fifth grounds of appeal were excluded by the trial court upon

the ground of remoteness. The trial court is vested with discretion in ruling upon remoteness and this action is not a ground for reversal. *Iverson v. Prudential Insurance Co.*, 126 *N. J. L.* 280 *(E. & A.* 1940*)*. In the instant case this discretion was not abused. The answer to question forming the basis for ground of appeal No. 5 was also ·excluded by the Court upon ·the ground that it called for an opinion as an expert upon the subject matter and that the qualifications of Ivicola as such an expert were not sufficiently established. The answer to the question forming the basis of ground of appeal No. 6 was also excluded for the same reason. The control of the proof at the trial was in .the discretion of the trial judge and his decision as to the qualifications of an expert witness was conclusive unless clearly erroneous as a matter of law. *Cowdrick v. Pennsylvania R. R. Co.*, 132 *N. J. L.* 131 *(E. & A.* 1944*)*. We are of the opinion that this discretion was not abused. Moreover, if error had been committed, it was harmless. The excluded testimony was as to the construction of the elevator floor, whereas the plaintiff's testimony was that she had fallen upon the sill of the cab. Its exclusion therefore does not constitute ground for setting aside the judgment and is not inconsistent with substantial justice. Refer to *Rule* 1 :2–20 *(b)*.

The judgment of the former Supreme Court is affirmed.

Justice HEHER concurred in the result.

*For affirmance:* Chief Justice VANDERBILT and Justices CASE, HEHER, OLIPHANT, WACHENFELD and BURLING—6.

*For reversal:* None.