[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 66 
Defendant appeals from an adverse judgment entered in favor of plaintiff for $15,000, with costs, as the result of a jury trial before the Law Division of the Essex County Court. It asserts as its grounds of appeal: (1) "The jury verdict is contrary to the weight of the evidence;" (2) that the amount of the verdict is excessive and (3) that a "Partnership expenditure is not an element of plaintiff's damage."
Plaintiff's action is grounded on the allegation that the negligent operation of defendant's motor truck was the proximate cause of plaintiff's damages. Defendant denied the charge of negligence and affirmatively asserted that plaintiff's *Page 67 
negligence contributed to the causing of his damages and assumption of risk. The collision between the parties' vehicles occurred on April 5, 1946, at the approximate center of the intersection of East Seventh Street and Leland Avenue, Plainfield, New Jersey. Plaintiff's motor truck was operated by his son, Egon Nusser, in a westerly direction on Leland Avenue. Defendant's truck was operated by defendant's employee, in a southerly direction on East Seventh Street. The injuries suffered by plaintiff consisted of a fracture of the superior ramus of the pubic bone and a fracture through the lower part of the descending ramus of the ischium. He was incapacitated from the date of the accident until he returned to his place of business the day following Labor Day, 1946.
At the trial, defendant did not move for an involuntary dismissal or a directed verdict. Nor did it apply to the trial court for a new trial.
Considering the first ground of appeal, we disagree with defendant's contention that the verdict was against the weight of the evidence. Defendant chose to apply for a new trial by way of appeal to this court under R. 4:2-1 rather than an application to the trial court under R. 3:59-1. Under R. 3:59-5, if defendant had applied to and had been denied a new trial by the trial court, it would have been barred from taking an appeal on any ground stated in the motion or argued at the hearing. Our province, we think, is to decide the appeal on the same legal principles that would have applied if the application had been made to the trial court. Plaintiff contends that defendant's failure to move for an involuntary dismissal or a directed verdict at the trial precludes it from prosecuting this appeal. Under the applicable rules defendant may elect as to whether it will proceed under R. 3:59-1 for a new trial before the trial court or by way of an appeal under R. 4:2-1. Defendant does not seriously dispute the assertion that there was sufficient competent evidence to submit the case to the jury. By the very nature of ground (1) of the appeal, plaintiff concedes that such was the situation here. Therefore, the question for our *Page 68 
consideration and determination is: Would this court be justified in disturbing the verdict on this ground? We think not. The testimony proffered by the respective parties was in sharp conflict. It is the settled law of this State that where, in the consideration of conflicting testimony, the facts found by the jury will sustain the verdict, it should not be set aside merely because, in the opinion of the court, the jury might have found otherwise. Knickerbocker Ice Co. v. Anderson, 31 N.J.L. 333
(Sup. Ct. 1865); Queen v. Jennings, 93 N.J.L. 353 (Sup.Ct. 1919); Bennett v. Busch, 75 N.J.L. 240, 244 (Sup. Ct.
1907); Finnegan v. The Goerke Co., 106 N.J.L. 59 (E. A.
1929); or merely because we might, if required to determine the facts, have reached a different conclusion. As was stated inCascone v. Hendrickson, 8 N.J. Misc. 229 (Sup. Ct. 1930):
"It seems to be necessary to repeatedly state, that the verdict of a jury will not be set aside upon the ground that it is against the weight of the evidence, unless the verdict clearly evinces that it is the result of mistake, partiality, prejudice or passion."
The burden of proving contributory negligence on the part of plaintiff fell upon defendant and its determination was properly a jury question. Obviously, the jury found that the defendant had not borne this burden. Mayes v. Splitdorf Electrical Co.,94 N.J.L. 460 (E. A. 1920); Rochford v. Stankewicz,108 N.J.L. 265 (E. A. 1931). The facts here are not at all unusual. It was an intersectional accident, a rather common occurrence. Each party charges the other with negligence as the proximate cause of the collision. Our review of the testimony convinces us that there was sufficient competent evidence to support the verdict.
As to the second ground of appeal, we conclude that, under all the circumstances, while the verdict appears to have been somewhat high, it is not so excessive as to justify an implication that it was the result of mistake, partiality, passion or prejudice. It is undisputed that plaintiff suffered serious injuries and that they necessitated his spending ten days in a hospital, after which he was confined to his home *Page 69 
for a period of about five months before resuming his business, seven weeks of which he was bedridden; that he was then able to be about the house on crutches for a short period of time daily; that he wore a support or brace until September, 1946; that he suffered a great deal of pain during this period of time and according to his testimony he continues to have pain when he works or the weather changes; that he cannot do physical work he formerly undertook and is now required to do office work; that he cannot climb ladders and has to be careful when he stretches or bends quickly. Plaintiff was fifty-nine years old at the time of the accident and his testimony as to the injuries and resulting effect thereof was substantially corroborated by his attending physician, Dr. Grant. Defendant offered no medical or other testimony to refute plaintiff's proofs as to his injuries. The medical and hospital bills were $269, and the stipulated damage to plaintiff's truck was $350. Plaintiff did not suffer any financial loss of income from his business. We think that the jury's verdict is not excessive, in the light of the plaintiff's serious injuries and the pain and suffering he endured and continues to suffer. In addition, it may well be that the jury considered the deflated value of the dollar. Judicial notice thereof may be properly taken and the jury, in the exercise of its judgment, could have properly considered it in assessing the damages against defendant. In these days of the high cost of living and consequent decrease in the purchasing power of the dollar, one cannot well overlook or ignore the effect of such economic conditions when called upon to determine, as the jury did here, the amount of damages that would fairly and reasonably compensate one for his pain and suffering and disability proximately caused by another's negligence. Our conclusion is expressed quite pertinently and tersely by Mr. Justice Minturn inBowes v. Public Service Railway Co., 94 N.J.L. 378 (Sup.Ct. 1920), when, speaking for the court, he stated:
"The only question presented is the alleged excessiveness of the damages. The word `excessive' has a relative meaning. What may be deemed excessive in one environment and social order may be *Page 70 
inadequate compensation in another. At a period when the purchasing power of the dollar has in the language of the day been `cut in half,' the value of the sum awarded here is not to be estimated in the numerical quantum of the recompense, but in its comparative ability to furnish the necessities of life. Of these facts the court must take judicial notice."
The third ground of appeal advanced by defendant is that the court erroneously admitted over defendant's objection testimony that the partnership hired a man to replace plaintiff and paid him $40 per week. We are of the opinion that the testimony was properly admitted. Rabinowitz v. Hawthorne, 89 N.J.L. 308
(E. A. 1916). It is obvious that evidence of any expense, a part of which resulted in a financial loss to plaintiff, proximately caused by defendant's negligence, may be introduced for the jury's consideration in determining the amount of damages to be assessed. The question resolved itself into how much of the $40 per week so paid was properly included in the verdict. From the record it appears that neither plaintiff nor defendant pursued this aspect of the inquiry. The court charged the jury that, if it found for the plaintiff, it could not consider the full expenditure of $40 per week, as only such part thereof that might be chargeable to plaintiff could be calculated in arriving at its verdict, stating:
"As to the losses you have the testimony as to this additional help required for the business. I think I should call to your attention there that that does not necessarily amount to Mr. Nusser's sole loss. He was not the whole business, and it was the business as a whole which stood that loss. He was, of course, the principal partner. Exactly what part of that loss of the payment for this additional help was imposed on him, we do not exactly know."
No objection was taken by defendant to the court's charge and, therefore, under R. 3:51, defendant may not raise the question before this court. We think the challenged testimony was properly admitted.
The judgment below is affirmed, with costs. *Page 71