The defendant appeals from a judgment in the Law Division of the Superior Court, entered upon a verdict in favor of the plaintiff.
The defendant argues that the court below fell into error in submitting to the jury the question of defendant's liability. *Page 228 
and, further, that the court was in error in its charge concerning the theory of nuisance in the case. The defendant further contends that the verdict was against the weight of the evidence.
It appears from a careful review of the record that the injuries complained of resulted from a fall of the plaintiff while emerging from a bathtub, provided by the defendant for her use, in common with other guests of defendant's Inn. It is not denied that plaintiff was a paying guest of defendant's Inn.
Plaintiff arrived at defendant's Inn on January 15, 1948, and stayed there continually until after the accident complained of, which occurred the night of January 26, 1948.
Plaintiff's room had no bath facilities, and she was invited to use a bathroom in common with other guests of the Inn.
Due to a cold, plaintiff had not taken a tub bath until the night of the accident, but had used the other facilities of the bathroom over a period of 9 or 10 days. She testified that during this entire period, including the night of the accident, there was no bath mat in the bathroom.
Plaintiff entered the bathroom on the night of January 26, 1948, for the purpose of taking a tub bath. She brought with her two towels, one for the floor and one with which to dry herself. After cleaning the bathtub, she placed one towel on the floor and then proceeded to bathe. After the bath, she dried the upper portion of her body while she was still in the tub. As she was emerging from the tub, she placed her right foot on the towel, and, she testified, when she placed her left foot on the towel, the towel "skidded" from under her and she fell on her side, suffering the injuries complained of.
Plaintiff further testified that when she was able, she arose from the floor and looked to see what caused her fall. She picked up the towel and noticed several "skid" marks which she said were about 3 or 4 inches long and about 2 inches wide. She further said that the floor was unevenly waxed and there seemed to be ridges or "indentations" in the wax. She described the wax as being soft. She further testified, that during her entire stay at the Inn, the floor was in a waxed state. *Page 229 
Celia Bernstein testified on behalf of the defendant that she was a guest at the Inn but had left prior to the day of the accident. She stated that during her stay at the Inn, there was a black rubber mat in the bathroom.
With respect to the waxed condition of the linoleum, Edith Burns, a chambermaid called by the defendant, testified that it was her duty to clean and wax the bathroom in question, but, although she cleaned the room daily, she had not waxed it since 10 days before the preceding Christmas.
Gaston B. Day was called as an expert witness for the defendant and he stated that self-polishing simonize was a proper substance for use upon the surface of linoleum, and that its self-drying characteristic made it non-slip when used on a floor covering of the type used in the bathroom in question.
After carefully reading and considering the evidence as shown in the record, we find that the trial court did not err in denying defendant's motions for an involuntary dismissal or for a directed verdict. There was ample evidence adduced on behalf of the plaintiff to justify the submission of the case to the triers of fact for their consideration and determination.
At the outset, it must be noted that in determining the correctness of the trial court's action in denying defendant's motion for an involuntary dismissal, all aspects of the entire case favorable to plaintiff must be considered.
We are not unmindful of those cases which state:
"* * * that in order that negligence may be inferred from the fact of oiling or waxing a floor, it must appear that either in the nature or quantity of the substance used, or in the manner or time of its application, there was a departure from the normal or generally accepted standards so as to create a hazard of a tortious character for the users of the premises." Bosze v.Metropolitan Life Ins. Co., 1 N.J. 5 (Sup. Ct. 1948); citingCoyne v. Mutual Grocery Co., Inc., 116 N.J.L. 36 (Sup. Ct.
1935).
It is quite evident however from plaintiff's testimony that there was ample evidence from which the jury could conclude that the defendant was negligent in the manner in which it applied the wax or in the nature or the quantity which it used. Plaintiff stated that there were "skid" marks on the floor after *Page 230 
she fell and that the wax was soft and that there were ridges or "indentations" in the wax. Such evidence can justify a jury in finding that the defendant deviated from the normal standard of waxing a floor so as to create a hazard for the users of the bathroom.
Defendant contends that the trial court erred in its charge concerning the theory of nuisance which was embodied in the second count of plaintiff's complaint. The court charged as follows:
"She also claims, in the second count, that the premises of the bathroom was what is known as a nuisance, that is, it was a dangerous condition and was maintained in that condition. The two are substantially the same for all intents and purposes, and either the first count, which charges negligence, or the second count which alleges nuisance, were both wrongs if established and proved but there was only one cause of action, or damage resulting."
We think this was not harmful error, in any event, because, in effect, it called for a finding on the issue of negligence, and the jury so found.
The remaining argument of defendant is that the verdict was against the weight of the evidence. While it is true that the witnesses for the defendant outnumbered those of the plaintiff, this of itself does not establish the weight of the evidence.Floersch v. Donnell, 82 N.J.L. 357 (Sup. Ct. 1912).
In Wadell v. Public Service Coordinated Transport,3 N.J. Super. 132 (N.J. Super., A.D. 1949), in which was quoted the case of Cascone v. Hendrickson, 8 N.J. Misc. 229 (Sup. Ct.
1930), this court stated:
"When the disposition of a case hinges on the veracity of witnesses, it is obvious that a jury who sees the witnesses, and has an opportunity to observe their demeanor on the witness stand is in a more advantageous position to judge as to the credit to be given their testimony than can be gathered from a reading of the testimony in print. * * *
"It seems to be necessary to repeatedly state that the verdict of the jury will not be set aside upon the ground that it is against the weight of the evidence, unless the verdict clearly evinces that it is the result of mistake, partiality, prejudice or passion."
The judgment under appeal is affirmed. *Page 231