The defendant appeals from a judgment of the Law Division of the Superior Court entered upon a verdict in favor of the plaintiff.
The action arose out of a collision between the automobile of the plaintiff and that of the defendant. It appears that on April 18, 1947, plaintiff was driving his automobile in a westerly direction along Second Avenue, in the Borough of Roselle, New Jersey. At the same time, defendant was traveling *Page 418 
south on Chandler Avenue. Chandler Avenue as it approaches Second Avenue is a stop street. Plaintiff testified that he was traveling at about 15 to 18 miles per hour and that he slowed down as he approached the intersection. He further stated that he was half way to three quarters of the way into the intersection when he was struck by defendant's automobile. He claims the defendant did not stop at the intersection and that the defendant was traveling at a fast rate of speed. Defendant, however, contends that he stopped at the intersection.
Plaintiff, on cross-examination, stated that he did not see the car come out of the street, but saw it just before the collision. However, he admitted that he testified in a Police Court that he did not see the car at all before the collision. He continued to assert in the court below, however, that he did see it.
Defendant's only contention is that the verdict was contrary to the weight of the evidence. Defendant insists that the plaintiff established, by his own testimony, that he was guilty of contributory negligence, and therefore, since the jury returned a verdict for the plaintiff, they disregarded plaintiff's own testimony.
Under ordinary circumstances, the question of contributory negligence is a matter for the determination of the jury under proper instructions from the court. Where, as here, the testimony is in conflict, the jury has a right to determine for itself which testimony is worthy of belief.
In Cascone v. Hendrickson, 8 N.J. Misc. 229 (Sup. Ct.
1930), the court said:
"When the disposition of a case hinges upon the veracity of witnesses, it is obvious that a jury who sees the witnesses and has an opportunity to observe their demeanor on the witness stand, is in a more advantageous position to judge as to the credit to be given their testimony, than can be gathered from a reading of the testimony in print."
See also Wadell v. Public Service Coordinated Transport,3 N.J. Super. 132 (App. Div. 1949); Knapp v. Seton Inn, Inc.,5 N.J. Super. 226, 68 A.2d 770 (App. Div. 1949). *Page 419 
There is nothing in the testimony which might indicate that the plaintiff was culpably negligent as a matter of law. The burden of proving contributory negligence fell upon the defendant and its determination was properly a jury question. Obviously, the jury found that the defendant had not borne this burden.
While plaintiff may have given contradictory testimony at the Police Court hearing, the jury was entitled to give as much weight to this evidence as it saw fit. See Bageard v.Consolidated Traction Co., 64 N.J.L. 316 (E. A. 1899).
The facts here are not at all unusual. It was an intersectional accident, a rather common occurrence. Each party charges the other with negligence. We have repeatedly stated that the verdict of a jury will not be set aside upon the ground that it is against the weight of the evidence, unless the verdict clearly evinces that it is the result of mistake, partiality, prejudice or passion. See Nusser v. United Parcel Service of N.Y., Inc.,3 N.J. Super. 64 (App. Div. 1949); Cascone v. Hendrickson,supra; Wadell v. Public Service Coordinated Transport, supra;Knapp v. Seton Inn, Inc., supra. Our review of the testimony convinces us that there was sufficient competent evidence to support the verdict.
The judgment is affirmed. *Page 420