8 N.J. Super. 144 (1950)
73 A.2d 596
MARY HUDDLESON, PLAINTIFF-RESPONDENT,
v.
CHARLES LERMAN, TRADING AS PARAMOUNT LINGERIE SHOP, DEFENDANT-APPELLANT, AND FLOOR-BRITE WAXING SERVICE, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1950.
Decided June 1, 1950.
*145 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Robert S. Hartgrove argued the cause for plaintiff-respondent.
Mr. John F. Ryan argued the cause for defendant-appellant (Messrs. Ryan & Saros, attorneys).
The opinion of the court was delivered by DONGES, J.A.D.
The defendant, Charles Lerman, T/A Paramount Lingerie Shop, appeals from a judgment in the Law Division of the Superior Court, entered upon a verdict in favor of the plaintiff.
*146 The defendant argues that the court erred in not dismissing the case at the conclusion of plaintiff's entire case and further that the verdict was against the weight of the evidence.
It appears that the injuries complained of were the result of a fall of the plaintiff in defendant's store, on October 3, 1946, while plaintiff was a shopper.
Plaintiff testified that she entered the store a short distance behind her mother. She said Mr. Lerman, the defendant, shook hands with her mother, and said "Come on in, come on in, it is all right, come on in." After she had proceeded half the length of the store, she fell backward and her right leg doubled under her. She described the floor as having "foot marks" on it, as being "unevenly waxed," "unusually slippery," "highly polished," and "that floor was like glass." Matilda Jones, plaintiff's mother, testified, by way of depositions, that, "the floor was unusually slick. It had been waxed very unevenly. You could see splotches on the floor."
The floor had been waxed only a day or two prior to the accident by the Floor-Brite Waxing Service. This corporation was also a defendant, but for some reason not apparent in the record, plaintiff did not proceed against it. However, George Marke, of the corporation, testified as an expert and he outlined, in detail, the method used in waxing the floor. He testified that everything was done properly. An expert called by the plaintiff, testified that certain aspects of the method outlined were not proper.
The jury returned a verdict in favor of plaintiff for $2,500. The defendant, Charles Lerman, appeals from the judgment entered pursuant thereto.
After carefully considering the evidence as shown in the record, we find that the trial court did not err in refusing a dismissal at the end of plaintiff's case. There was ample evidence adduced on behalf of plaintiff to justify the submission of the case to the jury. A case quite similar to the one under consideration is Knapp v. Seton Inn, Inc., 5 N.J. Super. 226 (App. Div. 1949).
We are fully aware of the cases which state:
*147 "* * * that in order that negligence may be inferred from the fact of oiling or waxing a floor, it must appear that either in the nature or quantity of the substance used, or in the manner or time of its application, there was a departure from the normal or generally accepted standards so as to create a hazard of a tortious character for the users of the premises." Bosze v. Metropolitan Life Ins. Co., 1 N.J. 5 (Sup. Ct. 1948); citing Coyne v. Mutual Grocery Co., Inc., 116 N.J.L. 36 (Sup. Ct. 1935).
However, in Knapp v. Seton Inn, Inc., supra, this court held that plaintiff's testimony that there were "skid" marks on the floor and that the wax was soft and that there were ridges or indentations in the wax, was sufficient to create a jury question as to whether the defendant was negligent in the manner in which it applied the wax or in the nature or the quantity which it used. Likewise, in the instant case, it is quite evident from the testimony of plaintiff and her mother that there was ample evidence from which the jury could conclude that the defendant was negligent.
The remaining question presented is whether the verdict was against the weight of the evidence.
The testimony of the respective parties and of their witnesses was in sharp conflict. The verdict of the jury will not be set aside upon the ground that it is against the weight of the evidence, unless the verdict clearly evinces that it is the result of mistake, partiality, prejudice or passion. Cascone v. Hendrickson, 8 N.J. Misc. 229 (Sup. Ct. 1930); Wadell v. Public Service Coordinated Transport, 3 N.J. Super. 132 (App. Div. 1949); Knapp v. Seton Inn, Inc., supra. Such is not the case here.
The judgment under review is affirmed.