**Juan B. GONZALEZ, Zoa Gonzalez, and Juan B. Gonzalez, DDS, MS, P.C., Plaintiffs–Appellants,**

v.

**Fred YANCEY, Chun Yancey, Yancey's Liquors, Inc., a Colorado corporation, d/b/a Yancey's Liquors, Defendants–Appellees.**

No. 96CA1249.

Colorado Court of Appeals, Div. III.

May 15, 1997.

Law Offices of Stuart A. Kritzer, Stuart A. Kritzer, Denver, for Plaintiffs–Appellants.

No Appearance for Defendants–Appellees.

Opinion by Judge PLANK.

Plaintiffs, Juan B. Gonzalez, Zoa Gonzalez, and Juan B. Gonzalez, D.D.S., M.S., P.C., appeal from the trial court's order dismissing Juan B. Gonzalez, D.D.S., M.S., P.C., from the case pursuant to C.R.C.P. 17(a). We affirm but on slightly different grounds than the trial court.

Plaintiffs filed a complaint against nine defendants alleging that Juan Gonzalez and Zoa Gonzalez sustained severe physical injuries when their automobile was struck by another vehicle driven by an intoxicated minor. Included among the nine named defendants were defendants herein, Fred Yancey, Chun Yancey, and Yancey's Liquors, Inc. Plaintiffs alleged that the Yancey defendants were negligent and reckless and had violated Colorado statutes by selling alcohol to the minor who was driving the automobile that struck the Gonzalez vehicle. Juan B. Gonzalez, D.D.S., M.S., P.C. (Gonzalez P.C.) sought recovery for "economic losses and damages," "decrease in revenues," and an overall "decrease in value" resulting from the injuries to Juan B. Gonzalez.

Certain other defendants in the case filed motions for summary judgment in which they argued, *inter alia,* that Gonzalez P.C. lacked standing to assert claims because any injury it had sustained was "indirect and incidental" to the actions of defendants. The trial court agreed and dismissed Gonzalez P.C. from the case with prejudice, concluding that

> [P]ursuant to C.R.C.P. 17, the Plaintiff Juan B. Gonzalez' professional corporation is not a real party in interest, entitled to bring an action against any of these Defendants, independent from the action for personal injuries brought by Juan B. Gonzalez.

Thereafter, the trial court denied plaintiffs' motion for reconsideration and then certified its order as final pursuant to C.R.C.P. 54(b).

Plaintiffs contend that the trial court erred in dismissing Gonzalez P.C. from the case pursuant to C.R.C.P. 17(a). We, however, agree with the trial court that, under the circumstances presented here, Gonzalez P.C. could not recover on its stated claims and, thus, perceive no error in the judgment of dismissal.

Although we have found no Colorado cases specifically addressing this issue, the great weight of authority from other jurisdictions holds that an employer or business may not recover against a third party for economic losses it suffered as a result of the third party's tortious injury to its employee. *See Morton v. Merrillville Toyota, Inc.*, 562 N.E.2d 781 (Ind.App.1990); *Edward F. Heimbrock Co. v. Marine Sales & Service, Inc.*, 766 S.W.2d 70 (Ky.App.1989); *Baughman Surgical Associates, Ltd. v. Aetna Casualty & Surety Co.*, 302 So.2d 316 (La.App.1974); *Flynn Construction Co. v. Poulin*, 570 A.2d 1200 (Me.1990); *Rolling Fashion Mart, Inc. v. Mainor*, 80 N.C.App. 213, 341 S.E.2d 61 (1986); *Champion Well Service, Inc. v. NL Industries*, 769 P.2d 382 (Wyo.1989); *see also* A. Daniele, Annotation, *Right of Professional Corporation to Recover Damages Based on Injury or Death of Attorney or Doctor Associate*, 74 A.L.R.3d 1129 (1976); J. Smith, Annotation, *Employer's Right of Action for Loss of Services or the Like Against Third Person Tortiously Killing or Injuring Employee*, 4 A.L.R.4th 504 (1981).

Some of the above cases note that common law actions allowing a master to sue for damages suffered by the tortious injury to a servant were premised upon antiquated proprietary views of the master-servant relationship and are, therefore, insupportable in today's contract-based employment environment. *See Morton v. Merrillville Toyota, Inc., supra; Champion Well Service, Inc. v. N.L. Industries, supra.* Others simply reject the viability of such claims based upon a lack of foreseeability of harm and a resulting absence of legal duty. *See Edward F. Heimbrock Co. v. Marine Sales and Service, Inc.,*

*supra; Baughman Surgical Associates, Ltd. v. Aetna Casualty & Surety Co., supra.*

We find the above-cited authorities persuasive and conclude that, under the facts alleged here, Gonzalez P.C. could not state a valid claim for damages resulting from the alleged tortious conduct of defendants. *See* C.R.C.P. 12(b)(5).

Moreover, even if we assume that the trial court improperly dismissed Gonzalez P.C. pursuant to C.R.C.P. 17(a), we agree Gonzalez P.C. was properly dismissed under C.R.C.P. 12(b)(5). *See Janitell v. State Bank of Wiley*, 919 P.2d 921 (Colo.App.1996) (correct judgment may be affirmed on reasoning different from that of the trial court).

The judgment is affirmed.

JONES and RULAND, JJ., concur.